UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re:<br>**VENTECH ENGINEERS LP et al.,**<br><br>Debtors,[1]<br><br>**RODNEY D. TOW, CHAPTER 7 TRUSTEE FOR THE ESTATE OF VENTECH ENGINEERS LP,**<br><br>Plaintiff,<br><br>v.<br><br>**VENTECH HOLDINGS 3 LLC, INTERNAL REVENUE SERVICE, AND CHARLES P. RETTIG, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE IRS**<br><br>Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§ | Case No. 17-33203<br><br>Jointly Administered<br><br>Adversary No. 19 -_____ |

## COMPLAINT

Plaintiff, Rodney D. Tow (the "Plaintiff" or "Trustee") in his capacity as the Chapter 7 Trustee for the Estate of Ventech Engineers LP ("Ventech," and collectively with Ventech and the other affiliated debtors in the above-referenced bankruptcy cases, the "Debtors" and each a "Debtor"), by and through his counsel, Diamond McCarthy LLP, brings this adversary proceeding to recover

---

[1] The names of the debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ventech Engineers L.P. (0943); Ventech Engineers LLC (7644); Ventech Fabrication Services LLC (6482); Ventech Engineers International LLC (5030); Ventech Energy LLC (1829); Ventech Engineers North America LLC (7325); Ventech Engineers USA LLC (7499); Ventech Vessel Fabricators LLC (6525); Ventech Global Projects, Inc. (9146); Ventech International Projects LLC (2187); Ventech Global Construction, LLC (0736); Ventech Modular Fabricators LLC (2960); Ventech Refining Solutions LLC (6454); Ventech Plant Constructors LLC (5107); Ventech Engineers & Fabricators, LLC (2106); Ventech Industrial Contractors, LLC (6482); Ventech XTL LLC (2500); and Ventech XTL Oklahoma City LLC (5549).

$1,638,592.63 in addition to all other awards in law and in equity granted by this Court. The Trustee alleges the following:

### JURISDICTION AND VENUE

1. This is an adversary proceeding brought under Bankruptcy Rule 7001 relating to the Chapter 7 case, *In re Ventech Engineers LP*, Case No. 17-33203 (Bankr. S.D. Tex., [Houston Div.]).

2. This Court has subject matter jurisdiction because this action relates to Ventech's bankruptcy cases. 28 U.S.C. § 1334(b).

3. This proceeding is "core." 28 U.S.C. § 157(b)(2)(A), (E), (H), or (O).

4. This Court may enter final judgment or propose findings of fact and conclusions of law in this action.  28 U.S.C. § 157(b)(1); *Stern v. Marshall*, 131 S. Ct. 2594, 2620 (2011).

5. Venue is proper under 28 U.S.C. § 1409(a).

6. This Court may grant the requested relief under §§ 544, 548, and 550 of the Bankruptcy Code. 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code").

### PARTIES

7. Plaintiff is Rodney D. Tow, the duly authorized and acting Chapter 7 trustee of the estate of Ventech Engineers LP.

8. Debtor Ventech is a Delaware limited partnership.  According to Ventech's Statement of Financial Affairs (Doc. 4, Case No. 17-33203), Ventech GP, LLC was its General Partner.

9. Defendant Ventech Holdings 3, LLC ("V3") is a Delaware limited-liability company. V3 may be served through its registered agent, Corporation Services Company, 251 Little Falls Dr., Wilmington, DE 19808.

10. Defendant Internal Revenue Service is an executive agency of the United States and a bureau of the United States Department of Treasury, located in Washington D.C.

11.     Defendant Charles P. Rettig is the Commissioner of Defendant Internal Revenue Service (together, "IRS"). He is being sued in his official capacity.

## STATEMENT OF FACTS

12.     Ventech's partners included Stanley Investment Partners, Inc. ("SIPI") and Defendant V3.

13.     Ventech was a partnership for federal income tax purposes and subject to the unified partnership provisions of Internal Revenue Code §§ 6221-234 during the taxable year ending December 31, 2012.

14.     After the Commissioner of the IRS audited Ventech's 2012 tax returns, the Commissioner discovered a failure to correctly classify dividend income and failure to correctly compute claimed research-and-development tax credits.

15.     To settle the tax liabilities that the Commissioner discovered SIPI and V3 agreed to pay $2,106,372 in addition to $234,474.61 in interest.

16.     Instead of paying their tax liabilities, however, SIPI and V3 caused the IRS to be paid from Ventech's operating account on October 19, 2016:



17.     V3 owned a 70% interest in Ventech. Accordingly, V3 portion of the tax liability is $1,638,592.63 (the "Transfer").

3

18. A little over 7 months later, on May 26, 2017, Ventech filed its voluntary petition for relief under chapter 7 of the Bankruptcy Code.

### COUNT I: AVOIDANCE OF TAX TRANSFER
### AGAINST V3
### 11 U.S.C. § 548(a)(1)(B)

19. The Trustee re-alleges and fully incorporates the allegations in the preceding paragraphs as if fully set forth herein.

20. The transfer and any agreement by the Ventech to make or allow such Transfer made within two years of the Petition Date are avoidable as fraudulent transfers under 11 U.S.C. § 548.

21. Specifically, Ventech received less than reasonably equivalent value in exchange for the Transfer because Ventech received no benefit from paying V3's tax liabilities. Rather, Ventech's payment of V3s' tax liabilities was solely for the benefit of Defendant. Moreover, Ventech had no legal obligation to make the Transfer.

22. On the dates of the transfer, Ventech was insolvent, or became insolvent as a result thereof; was engaged or was about to engage in business in which his property after the transfer was unreasonably small capital; and/or intended to incur or believed he would incur debts that it would be unable to repay.

23. The Trustee is entitled to judgment avoiding the Transfer under 11 U.S.C. § 548(a)(1)(B).

### COUNT II: AVOIDANCE OF TAX TRANSFER
### AGAINST ALL DEFENDANTS
### 11 U.S.C. § 544(b) and Tex. Bus. & Com. Code § 24.001, et seq.

24. The Trustee re-alleges and fully incorporates the allegations in the preceding paragraphs as if fully set forth herein.

25. Pursuant to Section 544 of the Bankruptcy Code, the Trustee brings this claim on behalf of Ventech's estate and its creditors under the Texas Uniform Fraudulent Transfer Act.

4

26.     The Transfer and any agreement by Ventech to make or allow such Transfer were made in violation of Chapter 24 of the Texas Business and Commerce Code. Specifically, Ventech received less than reasonably equivalent value in exchange for the Transfer and Ventech was insolvent, or became insolvent as a result of the Transfer. Ventech had no legal obligation to make the Transfer.

27.     The Transfer was made for less than reasonably equivalent consideration and Ventech (i) was engaged or was about to engage in a business or transaction for which the remaining assets were unreasonably small in relation to Ventech's business or transaction; or (ii) intended to incur, or believed or reasonably should have believed that he was incurring, debts beyond its ability to repay them. TEX. BUS. & COM. CODE § 24.005.

28.     A creditor exists for whom the Trustee can act whose claim arose before or within a reasonable time after the occurrence of the Transfer. TEX. BUS. & COM. CODE § 24.006(a).

29.     Defendant V3 is the beneficiary of the transfer. TEX. BUS. & COM. CODE § 24.009(b)(1) ("The judgment may be entered against the first transferee of the asset or the person for whose benefit the transfer was made.").

30.     Defendant IRS is the first transferee of the Transfer. TEX. BUS. & COM. CODE § 24.009(b)(1) ("The judgment may be entered against the first transferee of the asset or the person for whose benefit the transfer was made.").

31.     The Trustee is entitled to recover the value of the Transfer from Defendants along with pre- and post-judgment interest. TEX. BUS. & COM. CODE § 24.008.

**COUNT III: RECOVERY OF TRANSFER AGAINST ALL DEFENDANTS**
**11 U.S.C. §§ 544(B), 550(a)(1), and Tex. Bus. & Com. Code § 24.009**

32.     Plaintiff re-alleges and fully incorporates the allegations in the preceding paragraphs as if fully set forth herein.

33.     Under § 550(a) of the Bankruptcy Code, the Trustee may recover the transfer from "the initial transferee of such transfer or the entity for whose benefit such transfer was made; or any

5

immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a). Under TUFTA § 24.009(b)(1), "The judgment may be entered against the first transferee of the asset or the person for whose benefit the transfer was made."

34. Accordingly, the Trustee seeks to recover the Transfer from V3 under 11 U.S.C. § 550(a) and TUFTA § 24.009(b)(1) and from the IRS under TUFTA § 24.009(b)(1).

### COUNT IV: ATTORNEYS' FEES AGAINST ALL DEFENDANTS

35. The Trustee requests that the Court award him all of his reasonable attorneys' fees, expenses, and costs of court incurred in connection with this adversary proceeding against Defendants as authorized under § 24.013 of the Texas Uniform Fraudulent Transfer Act.

### PRAYER

WHEREFORE, the Trustee respectfully requests that the Court enter judgment for, or make findings of fact and conclusions of law in support of, the following relief:

    a. Enter an order of judgment avoiding the Transfer under 11 U.S.C. § 548(a)(1)(B).

    b. Enter an order of judgment avoiding the Transfer under 11 U.S.C. § 544(b) and Tex. Bus. & Com. Code § 24.001, *et seq.*

    c. Enter an order of judgment for recovery of the Transfer under 11 U.S.C. §§ 544(B), 550(a)(1), and Tex. Bus. & Com. Code § 24.009.

    d. Attorneys' fees and costs; and

    e. All other relief to which the Trustee is entitled and is just and proper, including attorneys' fee and costs of prosecution of this Complaint.

Dated: October 22, 2019

Respectfully submitted,

DIAMOND MCCARTHY LLP

*/s/ Charles M. Rubio*
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Brian Raymond Hogue
TBA No. 24094725
bhogue@diamondmccarthy.com
Two Houston Center
909 Fannin, 37th Floor
Houston, Texas 77010
(713) 333-5100 Telephone
(713) 333-5199 Facsimile

*Counsel to Chapter 7 Trustee Rodney D. Tow*

7