IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 17-33203 |
| Ventech Engineers LP, *et al.*, | § | |
| | § | Chapter 7 |
| Debtors. | § | |
| | § | |
| Rodney D. Tow, Trustee, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. No. 19-3637 |
| | § | |
| Ventech Holdings 3 LLC, | § | |
| Internal Revenue Service, and | § | |
| Charles P. Rettig, Commissioner of | § | |
| Internal Revenue, | § | |
| | § | |
| Defendants. | § | |

**Motion by the United States of America to Dismiss Adversary Proceeding**
(Related to Doc. No. 1)

**Pursuant to BLR 9013-1:**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

1

**To the Honorable David R. Jones,**
**United States Bankruptcy Judge:**

The United States of America moves to dismiss this adversary proceeding.

### Summary

The Trustee's claims are barred by the statute of limitations.

### Background

Rodney D. Tow, chapter 7 trustee for the bankruptcy estate of Ventech Engineers LP alleges that (a) the IRS audited a 2012 tax return of Ventech Engineers, (b) two third parties agreed to pay $2,340,846.61 to the IRS, and (c) Ventech Engineers paid $2,340,846.61 to the IRS on or about October 19, 2016. [Doc. No. 1, p. 3]. The Trustee's complaint is not clear as to whether Ventech Engineers was liable for the debt paid.

On May 26, 2017, Ventech Engineers filed a voluntary chapter 7 bankruptcy petition. [Doc. No. 1, p. 4].

Two years, four months, and twenty-six days later—on October 22, 2019—the Trustee filed this adversary proceeding seeking to recover $1,638,592.63 and attorney's fees through 11 U.S.C. §§ 544 and 548. [Doc. No. 1].

### Relief Requested

The United States requests that the Court dismiss this action.

Dismissal is appropriate under Rule 12(b)(6) where both (a) it is clear from the complaint that the statute of limitations bars the action, and (b) the plaintiff does not present a basis for equitable tolling. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (quoted in *Newman v. Coffin*, 464 Fed.Appx. 359, 362 (5th Cir. 2012)

(unpublished)).  The Court can determine from the face of the complaint that (a) Ventech Engineers filed bankruptcy on May 26, 2017, [Doc. No. 1, p. 4], and (b) the Trustee filed this action on October 22, 2019, [Doc. No. 1, p. 7].

Actions under 11 U.S.C. §§ 544 and 548 are subject to a statute of limitations of the later of (a) two years after the entry of an order for relief, or (b) one year after the appointment of a trustee.[1]  11 U.S.C. § 546(a)(1)(A) & (B); *see Matter of Texas General Petroleum Corp.*, 52 F.3d 1330 1337-38 (5th Cir. 1995) (11 U.S.C. § 546 is not a jurisdictional bar).  The limitation in 11 U.S.C. § 546 applies independent of any limitation under state law, even if the state-law limitation period would be longer.  *Hill v. Oria (In re Juliet Homes, LP)*, 2010 WL 5256806 at &17, Adv. No. 09-3429 (Bankr. S.D. Tex. Dec. 16, 2010).  Limitations may be equitably tolled, but that requires the plaintiff to make the appropriate showing.  *Tow v. Bulmahn (In re ATP Oil & Gas Corporation)*, 2017 WL 2123867 at *4, Adv. No. 15-3179 (Bankr. S.D. Tex. May 16, 2017) (plaintiff's evidence did not warrant equitable tolling).

Section 546 required the Trustee to file this action by May 26, 2019, but he did not do that.  The Trustee's claims are time-barred, and the Court should dismiss them.

[remainder of page intentionally left blank]

---

[1] Section 546 also bars filing avoidance actions after the closing of a case.  11 U.S.C. § 546(a)(2).

## Conclusion

The United States requests that the Court dismiss this action and grant the United States such other and further relief as is equitable and just, including, if sought, costs and attorney's fees.

Dated: November 12, 2019.

                                        Respectfully submitted,

                                        RYAN K. PATRICK,
                                        United States Attorney

                        By:     *s/ Richard A. Kincheloe*
                                        Richard A. Kincheloe
                                        Assistant United States Attorney
                                        Attorney-in-Charge
                                        United States Attorney's Office
                                        Southern District of Texas
                                        Texas Bar No. 24068107
                                        S.D. Tex. ID No. 1132346
                                        1000 Louisiana St., Suite 2300
                                        Houston, Texas 77002
                                        Telephone: (713) 567-9422
                                        Facsimile: (713) 718-3033
                                        Email: Richard.Kincheloe@usdoj.gov
                                        **Attorney for the United States**

## Certificate of Service

The undersigned certifies that he served a true and correct copy of the foregoing Motion on (a) counsel for the plaintiff by ECF notification on November 12, 2019, and (b) Ventech Holdings 3 LLC by first-class U.S. mail to Ventech Holdings 3, LLC, c/o Corporation Services Company, 251 Little Falls Dr., Wilmington, DE 19808 on November 12, 2019.

                                        *s/ Richard A. Kincheloe*
                                        Richard A. Kincheloe
                                        Assistant United States Attorney