## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: | Chapter 7 |
| VENTECH ENGINEERS LP, et. al., | Case No. 17-33203 |
| Debtor. | **Re: Docket No. 1** |
| ——————————————————— | |
| RODNEY D. TOW, CHAPTER 7 TRUSTEE FOR THE ESTATE OF VENTECH ENGINEERS LP | |
| Plaintiff | |
| v. | |
| VENTECH HOLDINGS 3 LLC, INTERNAL REVENUE SERVICE AND CHARLES P. RETTIG | |
| Defendants | |

## ANSWER OF DEFENDANT VENTECH HOLDINGS 3 LLC

Defendant Ventech Holdings 3 LLC ("V3"), by and through its undersigned counsel, upon knowledge as to its own actions and upon information and belief as to all other matters, hereby responds to the Complaint, dated October 22, 2019, (the "Complaint") of plaintiff Rodney D. Tow (the "Plaintiff" or "Trustee") in his capacity as the Chapter 7 Trustee for the Estate of Ventech Engineers LP ("Ventech," and collectively with Ventech and the other affiliated debtors in the above-referenced bankruptcy cases, the "Debtors" and each a "Debtor"), as follows:

## ANSWER

Except as otherwise expressly admitted in this Answer, Defendant denies each and every allegation contained or implied anywhere in the Complaint.[1] To the extent that Defendant uses terms in this Answer that are defined in the Complaint, that use is not an acknowledgment or admission of any characterization that Plaintiff may ascribe to the defined term(s). Defendant denies that Plaintiff is entitled to any relief, including but not limited to, the relief sought in the Prayer for Relief on page 6 of the Complaint. Defendant expressly reserves the right to seek to amend and/or supplement this Answer as may be necessary.

## COMPLAINT

Plaintiff, Rodney D. Tow (the "Plaintiff" or "Trustee") in his capacity as the Chapter 7 Trustee for the Estate of Ventech Engineers LP ("Ventech," and collectively with Ventech and the other affiliated debtors in the above-referenced bankruptcy cases, the "Debtors" and each a "Debtor"), by and through his counsel, Diamond McCarthy LLP, brings this this adversary proceeding to recover $1,638,592.63 in addition to all other awards in law and in equity granted by this Court. The Trustee alleges the following:

**RESPONSE:**

V3 admits that Plaintiff seeks to bring an adversary proceeding in his capacity as the Chapter 7 Trustee for the Ventech Estate, and that this action is being brought through Plaintiff's counsel, Diamond McCarthy LLP. Defendant admits that Plaintiff seeks the relief listed in the Prayer for Relief on p. 6 of the Complaint. Defendant denies that Plaintiff is entitled to any of the relief sought in the Complaint, or to any other relief whatsoever. This paragraph otherwise states legal conclusions to which no response is required.

---

[1] For the convenience of the Court and the parties, Defendant has copied and pasted the headings and content of the Amended Complaint into this Answer. In doing so, Defendant does not in any way adopt or agree with the language of the Complaint.

## JURISDICTION AND VENUE

1. This is an adversary proceeding brought under Bankruptcy Rule 7001 relating to the Chapter 7 case, *In re Ventech Engineers LP*, Case No. 17-33203 (Bankr. S.D. Tex., [Houston Div.]).

**RESPONSE TO PARAGRAPH 1:** V3 admits that Plaintiff seeks to bring an adversary proceeding under Bankruptcy Rule 7001 relating to the Chapter 7 case, *In re Ventech Engineers LP*, Case No. 17-33203 (Bankr. S.D. Tex., [Houston Div.]). Paragraph 1 otherwise states legal conclusions to which no response is required.

2. This Court has subject matter jurisdiction because this action relates to Ventech's bankruptcy cases. 28 U.S.C. § 1334(b).

**RESPONSE TO PARAGRAPH 2:** Insofar as Paragraph 2 states legal conclusions, no response is required. Insofar as Paragraph 2 purports to cite 28 U.S.C. § 1334(b), V3 refers the court to that provision for a full and complete statement of its contents. Defendant otherwise denies the allegations in Paragraph 2.

3. This proceeding is "core." 28 U.S.C. § 157(b)(2)(A), (E), (H), or (0).

**RESPONSE TO PARAGRAPH 3:** Insofar as Paragraph 3 states legal conclusions, no response is required. Insofar as Paragraph 3 purports to cite 28 U.S.C. § 157(b)(2)(A), (E), (H), or (0), V3 refers the Court to those provisions for a full and complete statement of their contents. Defendant otherwise denies the allegations in Paragraph 3.

4. This Court may enter final judgment or propose findings of fact and conclusions of law in this action. 28 U.S.C. § 157(b)(1); *Stem v. Marshall*, 131 S. Ct. 2594, 2620 (2011).

**RESPONSE TO PARAGRAPH 4:** Insofar as Paragraph 4 states legal conclusions, no response is required. Insofar as Paragraph 4 purports to cite 28 U.S.C. § 157(b)(1) and *Stem v. Marshall*, 131 S. Ct. 2594, 2620 (2011), V3 refers the Court to those provisions and legal

3

authorities for a full and complete statement of their contents. Defendant otherwise denies the allegations in Paragraph 4.

5. Venue is proper under 28 U.S.C. § 1409(a).

**RESPONSE TO PARAGRAPH 5:** Insofar as Paragraph 5 states legal conclusions, no response is required. Insofar as Paragraph 5 purports to cite 28 U.S.C. § 1409(a), V3 refers the Court to that provision for a full and complete statement of its contents. Defendant otherwise denies the allegations in Paragraph 5.

6. This Court may grant the requested relief under §§ 544, 548, and 550 of the Bankruptcy Code. 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

**RESPONSE TO PARAGRAPH 6:** Insofar as Paragraph 6 states legal conclusions, no response is required. Insofar as Paragraph 6 purports to cite §§ 544, 548, and 550 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, V3 refers the Court to those provisions for a full and complete statement of their contents. V3 denies that Plaintiff is entitled to any relief in these proceedings. Defendant otherwise denies the allegations in Paragraph 6.

## THE PARTIES

7. Plaintiff is Rodney D. Tow, the duly authorized and acting Chapter 7 trustee of the estate of Ventech Engineers LP.

**RESPONSE TO PARAGRAPH 7:** Defendant admits that the Plaintiff in this action is Rodney D. Tow. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 7.

8. Debtor Ventech is a Delaware limited partnership. According to Ventech's Statement of Financial Affairs (Doc. 4, Case No. 17-33203), Ventech GP, LLC was its General Partner.

**RESPONSE TO PARAGRAPH 8:** Defendant admits that Ventech is a Delaware limited partnership, and that Ventech GP, LLC became Ventech's General Partner on or around

4

September 2, 2011, and remained its General Partner through the date of the filing of the Chapter 7 Petition in this action, May 16, 2017. To the extent that paragraph 8 purports to cite Ventech's Statement of Financial Affairs (Doc. 4, Case No. 17-33203), Defendant respectfully refers the Court to the referenced document for a full and complete statement of its contents.

9. Defendant Ventech Holdings 3, LLC ("V3") is a Delaware limited-liability company. V3 may be served through its registered agent, Corporation Services Company, 251 Little Falls Dr., Wilmington, DE 19808.

**RESPONSE TO PARAGRAPH 9:** Defendant admits the allegation in the first sentence of Paragraph 9. The second sentence of Paragraph 9 states a legal conclusion to which no response is required.

10. Defendant Internal Revenue Service is an executive agency of the United States and a bureau of the United States Department of Treasury, located in Washington D.C.

**RESPONSE TO PARAGRAPH 10:** Defendant admits the allegations in Paragraph 10.

11. Defendant Charles P. Rettig is the Commissioner of Defendant Internal Revenue Service (together, "IRS"). He is being sued in his official capacity.

**RESPONSE TO PARAGRAPH 11:** Defendant admits that Charles P. Rettig is the Commissioner of Defendant Internal Revenue Service and that Plaintiff purports to be suing Charles P. Rettig in his official capacity. Insofar as the second sentence of Paragraph 11 states legal conclusions, no response is required. Defendant otherwise denies the allegations in Paragraph 11.

## STATEMENT OF FACTS

12. Ventech's partners included Stanley Investment Partners, Inc. ("SIPI") and Defendant V3.

**RESPONSE TO PARAGRAPH 12:** Defendant admits that pursuant to an Amended and Restated Agreement of Limited Partnership dated September 2, 2011, V3 became a Class A Limited Partner of Ventech, and SIPI became a Class B Limited Partner of Ventech on or around

September 2, 2011.  V3 remained a Class A Limited Partner of Ventech through the date of the filing of the Chapter 7 Petition in this action, May 16, 2017.  SIPI remained a Class B Limited Partner of Ventech through the date of the filing of the Chapter 7 Petition in this action, May 16, 2017.

13. Ventech was a partnership for federal income tax purposes and subject to the unified partnership provisions of Internal Revenue Code §§ 6221-234 during the taxable year ending December 31, 2012.

**RESPONSE TO PARAGRAPH 13:**  Paragraph 13 states legal conclusions to which no response is required.  Insofar as Paragraph 13 purports to cite the unified partnership provisions of Internal Revenue Code §§ 6221-234, V3 refers the Court to those provisions for a full and complete statement of their contents.

14. After the Commissioner of the IRS audited Ventech's 2012 tax returns, the Commissioner discovered a failure to correctly classify dividend income and failure to correctly compute claimed research-and-development tax credits.

**RESPONSE TO PARAGRAPH 14:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15. To settle the tax liabilities that the Commissioner discovered, SIPI and V3 agreed to pay $2,106,372 in addition to $234,474.61 in interest.

**RESPONSE TO PARAGRAPH 15:**  Defendant admits that Ventech agreed to pay $2,106,372 in addition to $234,474.61 in interest.  Defendant otherwise denies the allegations in Paragraph 15.

16. Instead of paying their tax liabilities, however, SIPI and V3 caused the IRS to be paid from Ventech's operating account on October 19, 2016: [**CHECK IMAGE**]

**RESPONSE TO PARAGRAPH 16:**  Defendant denies that V3 failed to pay its tax liabilities for the taxable year ending December 31, 2012.  Defendant admits that  V3 directed Ventech to pay the IRS from its operating account after V3 contributed capital to Ventech

6

pursuant to a Capital Contribution Agreement dated October 17, 2016. V3 contributed capital to Ventech on October 17, 2016 for the express purpose of funding the full amount of the tax payment. Ventech and Defendant expressly agreed that a portion of the capital provided by V3 on October 17 would be used to make the payment to the IRS. Defendant otherwise denies the allegations in Paragraph 16.

17. V3 owned a 70% interest in Ventech. Accordingly, V3's portion of the tax liability is $1,638,592.63 (the "Transfer").

**RESPONSE TO PARAGRAPH 17:** Defendant admits that during the taxable year ending December 31, 2012, V3 owned an interest in Ventech of approximately 70%. Defendant admits that 70% of the 2012 tax liability was $1,638,592.63. Defendant otherwise denies the allegations in Paragraph 17.

18. A little over 7 months later, on May 26, 2017, Ventech filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 548(a)(1)(B).

**RESPONSE TO PARAGRAPH 18:** Defendant admits that on May 16, 2017, Ventech filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Defendant admits that the filing occurred seven months and one week after October 19, 2016. Defendant otherwise denies the allegations in Paragraph 18.

## COUNT I: AVOIDANCE OF TAX TRANSFER AGAINST V3

19. The Trustee re-alleges and fully incorporates the allegations in the preceding paragraphs as if fully set forth herein.

**RESPONSE TO PARAGRAPH 19:** Defendant incorporates its responses to paragraphs 1 through 18 as if set forth fully herein.

20. The transfer and any agreement by Ventech to make or allow such Transfer made within two years of the Petition Date are avoidable as fraudulent transfers under 11 U.S.C. § 548.

**RESPONSE TO PARAGRAPH 20:** Defendant denies the allegations in Paragraph 20. Insofar as Paragraph 20 states legal conclusions, no response is required. Insofar as Paragraph 20 purports to cite 11 U.S.C. § 548, V3 refers the Court to that provision for a full and complete statement of its contents.

21. Specifically, Ventech received less than reasonably equivalent value in exchange for the Transfer because Ventech received no benefit from paying V3's tax liabilities. Rather, Ventech's payment of V3s' tax liabilities was solely for the benefit of Defendant. Moreover, Ventech had no legal obligation to make the Transfer.

**RESPONSE TO PARAGRAPH 21:** Defendant denies the allegations in Paragraph 21.

22. On the dates of the transfer, Ventech was insolvent, or became insolvent as a result thereof; was engaged or was about to engage in business in which his property after the transfer was unreasonably small capital; and/ or intended to incur or believed he would incur debts that it would be unable to repay.

**RESPONSE TO PARAGRAPH 22:** Defendant denies the allegations in Paragraph 22.

23. The Trustee is entitled to judgment avoiding the Transfer under 11 U.S.C. § 548(a)(1)(B).

**RESPONSE TO PARAGRAPH 23:** Defendant denies the allegations in Paragraph 23, and denies that Plaintiff is entitled to any relief in these proceedings. Insofar as Paragraph 23 states legal conclusions, no response is required. Insofar as Paragraph 23 purports to cite 11 U.S.C. § 548(a)(1)(B), V3 refers the Court to that provision for a full and complete statement of its contents.

**COUNT II: AVOIDANCE OF TAX TRANSFER AGAINST ALL DEFENDANTS**
**11 U.S.C. § 544(b) and Tex. Bus. & Com. Code § 24.001, et seq.**

24. The Trustee re-alleges and fully incorporates the allegations m the preceding paragraphs as if fully set forth herein.

**RESPONSE TO PARAGRAPH 24:** Defendant incorporates its responses to paragraphs 1 through 23 as if set forth fully herein.

25. Pursuant to Section 544 of the Bankruptcy Code, the Trustee brings this claim on behalf of Ventech's estate and its creditors under the Texas Uniform Fraudulent Transfer Act.

**RESPONSE TO PARAGRAPH 25:** Defendant admits that the Trustee purports to bring this claim pursuant to Section 544 of the Bankruptcy Code, on behalf of Ventech's estate and its creditors under the Texas Uniform Fraudulent Transfer Act. Insofar as Paragraph 25 states legal conclusions, no response is required. Insofar as Paragraph 25 purports to cite Section 544 of the Bankruptcy Code, V3 refers the Court to that provision for a full and complete statement of its contents. Defendant otherwise denies the allegations in Paragraph 25.

26. The Transfer and any agreement by Ventech to make or allow such Transfer were made in violation of Chapter 24 of the Texas Business and Commerce Code. Specifically, Ventech received less than reasonably equivalent value in exchange for the Transfer and Ventech was insolvent, or became insolvent as a result of the Transfer. Ventech had no legal obligation to make the Transfer.

**RESPONSE TO PARAGRAPH 26:** Defendant denies that the Transfer and/or any agreement by Ventech to make or allow such Transfer were made in violation of Chapter 24 of the Texas Business and Commerce Code. Ventech agreed to make the Transfer in exchange for having received capital from V3 to fund the Transfer. Insofar as Paragraph 26 states legal conclusions, no response is required. Insofar as Paragraph 26 cites Chapter 24 of the Texas Business and Commerce Code, V3 refers the court to that provision for a full and complete statement of its contents. Defendant otherwise denies the allegations in Paragraph 26.

27. The Transfer was made for less than reasonably equivalent consideration and Ventech (i) was engaged or was about to engage in a business or transaction for which the remaining assets were unreasonably small in relation to Ventech's business or transaction; or (ii) intended to incur, or believed or reasonably should have believed that he was incurring, debts beyond its ability to repay them. TEX. Bus. & COM. CODE § 24.005.

**RESPONSE TO PARAGRAPH 27:** Defendant denies the allegations in Paragraph 27. Insofar as Paragraph 27 states legal conclusions, no response is required. Insofar as Paragraph

27 purports to cite TEX. Bus. & COM. CODE § 24.005, V3 refers the Court to that provision for a full and complete statement of its contents.

28.     A creditor exists for whom the Trustee can act whose claim arose before or within a reasonable time after the occurrence of the Transfer.  TEX. Bus. & COM. CODE § 24.006(a).

**RESPONSE TO PARAGRAPH 28:**  Defendant denies the allegations in Paragraph 28. Insofar as Paragraph 28 states legal conclusions, no response is required.  Insofar as Paragraph 28 purports to cite TEX. Bus. & COM. CODE § 24.006(a), V3 refers the Court to that provision for a full and complete statement of its contents.

29.     Defendant V3 is the beneficiary of the transfer. TEX. Bus. & COM. CODE § 24.009(b)(1) ("The judgment may be entered against the first transferee of the asset or the person for whose benefit the transfer was made.").

**RESPONSE TO PARAGRAPH 29:**  Defendant denies the allegation in Paragraph 29. Insofar as Paragraph 29 states legal conclusions, no response is required.  Insofar as Paragraph 29 purports to cite TEX. Bus. & COM. CODE § 24.009(b)(1), V3 refers the Court to that provision for a full and complete statement of its contents.

30.     Defendant IRS is the first transferee of the Transfer. TEX. Bus. & COM. CODE § 24.009(b)(1) ("The judgment may be entered against the first transferee of the asset or the person for whose benefit the transfer was made.").

**RESPONSE TO PARAGRAPH 30:**  Insofar as Paragraph 30 states legal conclusions, no response is required.  Insofar as Paragraph 30 purports to cite TEX. Bus. & COM. CODE § 24.009(b)(1), V3 refers the Court to that provision for a full and complete statement of its contents.

31.     The Trustee is entitled to recover the value of the Transfer from Defendants along with pre- and post-judgment interest.  TEX. Bus. & COM. CODE § 24.008.

**RESPONSE TO PARAGRAPH 31:**  Defendant denies the allegations in Paragraph 31. Insofar as Paragraph 31 states legal conclusions, no response is required.  Insofar as

Paragraph 31 purports to cite TEX. Bus. & COM. CODE § 24.008, V3 refers the Court to that provision for a full and complete statement of its contents.

### COUNT III: RECOVERY OF TRANSFER AGAINST ALL DEFENDANTS
### 11 U.S.C. §§ 544(B), 550(a)(1), and Tex. Bus. & Com. Code § 24.009

32.     Plaintiff re-alleges and fully incorporates the allegations in the preceding paragraphs as if fully set forth herein.

**RESPONSE TO PARAGRAPH 32:**  Defendant incorporates its responses to paragraphs 1 through 31 as if set forth fully herein.

33.     Under § 550(a) of the Bankruptcy Code, the Trustee may recover the transfer from "the initial transferee of such transfer or the entity for whose benefit such transfer was made; or any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a). Under TUFTA § 24.009(b)(1), "The judgment may be entered against the first transferee of the asset or the person for whose benefit the transfer was made."

**RESPONSE TO PARAGRAPH 33:**  Defendant denies the allegations in Paragraph 33. Insofar as Paragraph 33 states legal conclusions, no response is required.  Insofar as Paragraph 33 purports to quote 11 U.S.C. § SSO(a), TUFTA § 24.009(b)(1) and TUFTA § 24.009(b)(1), V3 refers the Court to those provisions for a full and complete statement of their contents.

34.     Accordingly, the Trustee seeks to recover the Transfer from V3 under 11 U.S.C. § SSO(a) and TUFTA § 24.009(b)(l) and from the IRS under TUFTA § 24.009(b)(1).

**RESPONSE TO PARAGRAPH 34:**  Defendant admits that the Trustee seeks to recover an alleged Transfer from V3 under 11 U.S.C. § SSO(a) and TUFTA § 24.009(b)(l) and from the IRS under TUFTA § 24.009(b)(1).  Defendant denies that the Trustee is entitled to any recovery of any kind in these proceedings.  Insofar as Paragraph 33 purports to cite 11 U.S.C. § 550(a), TUFTA § 24.009(b)(l) and TUFTA § 24.009(b)(1), V3 refers the Court to those provisions for a full and complete statement of their contents.  Defendant otherwise denies the allegations in Paragraph 34.

### COUNT IV: ATTORNEYS' FEES AGAINST ALL DEFENDANTS

35. The Trustee requests that the Court award him all of his reasonable attorneys' fees, expenses, and costs of court incurred in connection with this adversary proceeding against Defendants as authorized under § 24.013 of the Texas Uniform Fraudulent Transfer Act.

**RESPONSE TO PARAGRAPH 35:** Defendant admits that the Trustee is requesting an award of attorneys' fees, expenses, and costs of court incurred in connection with this adversary proceeding. Defendant denies that the Trustee is entitled to an award of attorneys' fees, expenses, costs of court incurred in connection with adversary proceeding, or any other relief in these proceedings. Insofar as Paragraph 33 purports to cite § 24.013 of the Texas Uniform Fraudulent Transfer Act, V3 refers the court to that provision for a full and complete statement of its contents. Defendant otherwise denies the allegations in Paragraph 35.

### PRAYER

WHEREFORE, the Trustee respectfully requests that the Court enter judgment for, or make findings of fact and conclusions of law in support of, the following relief:
  a. Enter an order of judgment avoiding the Transfer under 11 U.S.C. § 548(a)(1)(B).
  b. Enter an order of judgment avoiding the Transfer under 11 U.S.C. § 544(b) and Tex. Bus.&. Com. Code § 24.001, et seq.
  c. Enter an order of judgment for recovery of the Transfer under 11 U.S.C. §§ 544(B), 550(a)(1), and Tex. Bus. & Com. Code § 24.009.
  d. Attorneys' fees and costs; and
  e. All other relief to which the Trustee is entitled and is just and proper, including attorneys' fee and costs of prosecution of this Complaint.

**RESPONSE TO PARAGRAPH 36:** The allegations in this paragraph consist of Plaintiff's prayer for relief, to which no response is required. Defendant denies that Plaintiff is entitled to any of the relief sought in the Complaint, or to any other relief whatsoever. Insofar as this paragraph purports to cite 11 U.S.C. § 548(a)(1 )(B), 11 U.S.C. § 544(b) and Tex. Bus.&. Com. Code § 24.001, *et seq*, and 11 U.S.C. §§ 544(B), 550(a)(1), and Tex. Bus. & Com. Code § 24.009, V3 refers the Court to those provisions for a full and complete statement of their contents.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses with respect to the causes of action alleged in the Amended Complaint, without assuming the burden of proof or persuasion where Plaintiff carries such burden(s).  None of Defendant's affirmative defenses are intended to admit or concede any element of Plaintiff's claims.  Defendant reserves the right to supplement these defenses as discovery progresses or in the event that Plaintiff amends its pleadings.

**First Affirmative Defense**

Ventech received reasonably equivalent value for the challenged transfer.  Accordingly, the Trustee cannot satisfy the elements of 11 U.S.C. § 548(a)(1)(B) and/or Chapter 24 of the Texas Business and Commerce Code.

**Second Affirmative Defense**

Ventech received fair consideration for the challenged transfer.  Accordingly, the Trustee cannot satisfy the elements of 11 U.S.C. § 548(a)(1)(B) and/or Chapter 24 of the Texas Business and Commerce Code.

**Third Affirmative Defense**

Ventech was not insolvent, or rendered insolvent, by the challenged transfer.  Accordingly, the Trustee cannot satisfy the elements of 11 U.S.C. § 548(a)(1)(B) and/or Chapter 24 of the Texas Business and Commerce Code.

**Fourth Affirmative Defense**

Ventech was not left, or about to be left, with unreasonably small capital by the challenged transfer.  Accordingly, the Trustee cannot satisfy the elements of 11 U.S.C. § 548(a)(1)(B) and/or Chapter 24 of the Texas Business and Commerce Code.

### Fifth Affirmative Defense

Ventech did not incur, and did not believe that it would incur, debts that were beyond its ability to pay as such debts became due at the time of the challenged transfer. Accordingly, the Trustee cannot satisfy the elements of 11 U.S.C. § 548(a)(1)(B) and/or Chapter 24 of the Texas Business and Commerce Code.

### Sixth Affirmative Defense

The challenged transfer was taken for value and and in good faith.

### Seventh Affirmative Defense

The Trustee's claims are barred in whole or in part by the doctrine of earmarking.

### Eighth Affirmative Defense

The Trustee's claims are barred in whole or in part by the doctrines of set-off and/or recoupment.

### Ninth Affirmative Defense

The Trustee has not pled fraud with heightened particularity as Bankruptcy Rule § 7009 and Fed. R. Civ. P. 9(b) require.

### Tenth Affirmative Defense

The Trustee's claims are barred in whole or in part by the doctrines of ratification, waiver, estoppel, quasi estoppel, and/or unclean hands.

### Eleventh Affirmative Defense

The claims asserted by the Trustee are void as against public policy.

WHEREFORE, Defendant respectfully requests that the Court enter an order:

    a.    Dismissing the Complaint with prejudice;

    b.    Denying all claims for relief asserted by Plaintiff against Defendant;

    c.    Awarding Defendant their reasonable attorneys' and professionals' fees and costs; and

    d.    Awarding such other relief as the Court deems just and proper.

Dated: November 22, 2019

PORTER HEDGES LLP

 */s/ John F. Higgins*
John F. Higgins
(Texas Bar No. 09597500)
1000 Main St., 36th Floor
Houston, TX 77002
Tel: (713) 226-6648
Fax: (713) 226-6628
Email: jhiggins@porterhedges.com

LATHAM & WATKINS LLP
Christopher Harris (*pro hac vice* application pending)
Leah Friedman (*pro hac vice* application pending)
885 Third A venue
New York, NY 10022
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: christopher.harris@lw.com
leah.friedman@lw.com
*Counsel for Defendant Ventech Holdings 3 LLC*

## **CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing document was forwarded by electronic transmission to all registered ECF users appearing in the case on November 22, 2019.

/s/ *John F. Higgins*
John F. Higgins