**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>VENTECH ENGINEERS LP, et. al.,<br><br>    Debtor.<br>-------------------------------------------------------<br><br>RODNEY D. TOW, CHAPTER 7 TRUSTEE FOR THE ESTATE OF VENTECH ENGINEERS LP,<br><br>    Plaintiff,<br><br>v.<br><br>VENTECH HOLDINGS 3 LLC, INTERNAL REVENUE SERVICE AND CHARLES P. RETTIG,<br><br>    Defendants. | Chapter 7<br><br>Case No. 17-33203<br><br><br><br><br>Adversary Proc. 19-03637 |

## MOTION FOR JUDGMENT ON THE PLEADINGS
[Relates to Document No. 1]

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable David R. Jones,**
**Chief United States Bankruptcy Judge:**

10459859v1

Defendant Ventech Holdings 3 LLC ("Defendant" or "V3"), by and through its undersigned counsel, respectfully submits this Motion For Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) and Federal Rule of Bankruptcy Procedure 7012.

## I.    BACKGROUND

On October 22, 2019 the Trustee filed his Complaint in this action.  The Complaint named as Defendants the Internal Revenue Service (the "IRS"), Charles P. Rettig, in his official capacity as Commissioner of the IRS (together with the IRS, the "IRS Defendants"), and V3.  The Complaint asserted claims for Avoidance of the Tax Payment under 11 U.S.C. § 548(A)(1)(b) (against V3), Avoidance of the Tax Payment under 11 U.S.C. § 544(b) and Tex. Bus. & Com. Code§ 24.001, *et seq*. (against all Defendants), Recovery of the Tax Payment under 11 U.S.C. §§ 544(B), 550(a)(1), and Tex. Bus. & Com. Code§ 24.009 (against all Defendants), and attorney's fees (against all Defendants).  On November 12, 2019, the IRS Defendants moved to dismiss the Complaint.  On or around December 6, 2019, the Trustee and the IRS Defendants stipulated to the dismissal with prejudice of all claims against the IRS Defendants, and on December 6, filed a proposed dismissal order with the Court.  On December 16, 2019, the Court entered an order dismissing with prejudice all claims against the IRS Defendants.

## II.    ARGUMENT

Plaintiff Rodney D. Tow ("Plaintiff") has brought this action to recover $1,638,592.63 (the "Tax Payment")—the alleged amount of a federal income tax liability that Ventech paid to the Internal Revenue Service (the "IRS") in 2016.  If this case were to proceed to discovery, the Court would learn that these claims are not only meritless but abusive, because V3 paid the entire amount of the Tax Payment to Ventech shortly before the IRS was paid so as to enable that payment.  But there is no need to reach that issue because the Trustee has failed to avoid the transfer to the IRS— and cannot ever avoid that payment because the IRS has been dismissed with prejudice from this

10459859v1

case.  Accordingly, as a matter of law, the Trustee cannot recover under Section 550(a) from any beneficiary or subsequent transferee of the Tax Payment.  Plaintiff's avoidance and recovery claims must therefore be dismissed.

**A.      BECAUSE THE TAX PAYMENT HAS NOT BEEN AND CANNOT BE AVOIDED, THE AVOIDANCE CLAIMS (COUNTS I AND II) AND THE RECOVERY CLAIM (COUNT III) MUST BE DISMISSED.**

Plaintiff's avoidance and recovery claims fail because the Trustee has not—and *cannot*—avoid the Tax Payment.  The Trustee concedes that the IRS is the transferee of the Tax Payment, Compl. ¶ 30, *see also* ¶ 29.  The Trustee has not, however, avoided the Tax Payment to the IRS, and because all claims against the IRS have been dismissed with prejudice, he *cannot ever* avoid the Tax Payment to the IRS.

In order to recover from a subsequent transferee or beneficiary, a Trustee must first avoid the transfer of the Debtor's interest to the initial transferee under § 548.  *See* § 550(a); *Greenwald v. Latham & Watkins (In re Trans-End Tech., Inc.)*, 230 B.R. 101 (N.D. Oh. 1998), 105; *Weinman v. Simons (In re Slack-Horner Foundries Co.)*, 971 F.2d 577 (10th Cir. 1992);  *Enron Corp. v. Int'l Fin. Corp. (In re Enron Corp.)*, 343 B.R. 75 (Bkr. S.D.N.Y), 80-82.  TEX. Bus. & COM. CODE § 24.009(b)(1) has the same requirement.  *Id.* ("*[T]o the extent a transfer is voidable* in an action by a creditor under Section 24.008(a)(1), the creditor may recover judgment for the value of the asset transferred . . ." (emphasis added)).  Because the Trustee has not avoided the Tax Payment to the IRS—and can never do so—he cannot recover from the alleged beneficiary of the Tax Payment.

**B.      THE CLAIM FOR ATTORNEY'S FEES (COUNT IV) ALSO FAILS**

Because Plaintiff's underlying claims fail, the Court should also deny Plaintiff's claim for attorneys' fees.  An award of attorneys' fees is improper where the plaintiff does not prevail on his

10459859v1

underlying claims.  *See, e.g., In re Positive Health Mgmt., Inc.*, No. ADV 10-03121, 2015 WL 66186, at *1 (S.D. Tex. Jan. 5, 2015).

The pleadings filed in this case conclusively show that this Court cannot grant the relief requested.  WHEREFORE, Defendant respectfully requests that the Court enter an order:

a.  Dismissing the Complaint with prejudice;

b.  Denying all claims for relief asserted by Plaintiff against Defendant;

c.  Awarding Defendant reasonable attorneys' fees, professionals' fees, expenses and cost; and

d.  Awarding such other relief as the Court deems just and proper.

Dated:  February 21, 2020

PORTER HEDGES LLP

*/s/ John F. Higgins*

John F. Higgins
(Texas Bar No. 09597500)
1000 Main St., 36th Floor
Houston, TX 77002
Tel:  (713) 226-6648
Fax:  (713) 226-6628
Email:  jhiggins@porterhedges.com

and

LATHAM & WATKINS LLP
Christopher Harris (*pro hac vice* application pending)
Leah Friedman (*pro hac vice* application pending)
885 Third Avenue
New York, NY 10022
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: christopher.harris@lw.com
leah.friedman@lw.com

**Counsel for Defendant Ventech Holdings 3 LLC**

4

10459859v1

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 21, 2020, a copy of the foregoing document was served by electronic transmission to all registered ECF users appearing in the case and email to the party listed below:

Charles M Rubio
Diamond McCarthy LLP
Two Houston Center
909 Fannin, 37th Fl
Houston, TX 77010
crubio@diamondmccarthy.com

/s/ John F. Higgins
John F. Higgins

5

10459859v1