UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| VENTECH ENGINEERS INTERNATIONAL LLC, | § § § | CASE NO. 17-33210 |
| Debtor. | § § | (CHAPTER 7) |
| | § | |
| RODNEY D. TOW, CHAPTER 7 TRUSTEE FOR THE ESTATE OF VENTECH ENGINEERS LP, | § § § | Adversary No. 19-03637 |
| Plaintiff, | § | |
| v. | § | |
| VENTECH HOLDINGS 3 LLC, | § | |
| Defendant. | § | |

**RESPONSE TO MOTION FOR JUDGMENT ON THE PLEADINGS**
[Relates to Docs. 11, 23]

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................... 1

BACKGROUND & PROCEDURAL HISTORY ........................................................................... 2

LEGAL STANDARD ...................................................................................................................... 3

ARGUMENT ................................................................................................................................... 4

    A.   The Fraudulent Transfer Is Avoidable, and the Trustee May Recover the Value of That Transfer From V3 As the Beneficiary of the Transfer. ................................... 4

    B.   V3's Argument Relies On Discredited Case Law. ...................................................... 6

CONCLUSION ............................................................................................................................... 11

## TABLE OF AUTHORITIES

### Cases

*ASARCO LLC v. Americas Mining Corp.*,
  404 B.R. 150 (S.D. Tex. 2009) ................................................................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................3

*Cinel v. Connick*,
  15 F.3d 1338 (5th Cir. 1994) ...................................................................................................2

*Crafts Plus, Inc. v. Foothill Capital Corp. (In re Crafts Plus, Inc.)*,
  220 B.R. 331 (Bankr. W.D. Tex. 1998) ...................................................................................8

*Enron Corp. v. Int'l Fin. Corp. (In re Enron Corp.)*,
  343 B.R. 75 (Bkr. S.D.N.Y.) ......................................................................................... 1, 8, 10

*Greenwald v. Latham & Watkins (In re Trans-End Tech., Inc.)*,
  230 B.R. 101 (N.D. Oh. 1998) ........................................................................................ 1, 2, 7

*Guffy v. Brown (In re Brown Medical Center, Inc.)*, No. 16-0084,
  2017 WL 5067603 (S.D. Tex. Sept. 11, 2017) ........................................................................1

*In re Advanced Modular Power Sys., Inc.*,
  413 B.R. 643 (Bankr. S.D. Tex. 2009) ....................................................................................5

*In re Avi, Inc.*,
  389 B.R. 721 (9th Cir. BAP 2008) ...................................................................................... 1, 9

*In re Brooke Corp.*,
  488 B.R. 459 (Bankr. D. Kan. 2013) ................................................................................. 9, 10

*In re Brown Med. Ctr., Inc.*,
  No. BR. 15-3229, 2017 WL 5067603 (S.D. Tex. Sept. 11, 2017) ...........................................8

*In re Connolly North America, LLC*,
  340 B.R. 829 (Bankr. E.D. Mich. 2006) ..................................................................................7

*In re Enron Creditors Recovery Corp.*,
  388 B.R. 489 (S.D.N.Y. 2008) ...............................................................................................10

*In re Hassell 2012 Joint Venture*,
  2016 WL 5369475 (Bankr. S.D. Tex. Sept. 23, 2016) ............................................................2

*In re Int'l Admin. Servs., Inc.*,
  408 F.3d 689 (11th Cir. 2005) .................................................................................... 1, 8, 9

*In re Red Dot Scenic*,
  293 B.R. 116 (S.D.N.Y. 2003) ............................................................................................ 5

*In re Richmond Produce Co.,, Inc.*,
  195 B.R. 455 (N.D. Cal. 1996) ................................................................................... 6, 7, 8

*Johnson v. Johnson*,
  385 F.3d 503 (5th Cir. 2004) ............................................................................................... 3

*Mirant Corp. v. Commerzbank AG (In re Mirant Corp.)*, No. 05-04142,
  2010 WL 8708772 (Bkr. N.D. Tex. Apr. 22, 2010) .................................................... 1, 7, 8

*Tow v. Speer*,
  2015 WL 1058080 (S.D. Tex. Mar. 10, 2015) .................................................................... 5

*Weinman v. Simons (In re Slack-Horner Foundries Co.)*,
  971 F.2d 577 (10th Cir. 1992) .................................................................................... 1, 8, 9

## Statutes

11 U.S.C. § 548 ................................................................................................................ 4, 5, 7

11 U.S.C. § 548(a)(1) ............................................................................................................ 4, 6

11 U.S.C. § 548(a)(1)(B) ............................................................................................................ 3

11 U.S.C. § 550 ........................................................................................................... 5, 6, 8, 9

11 U.S.C. § 550(a) ...................................................................................................... 6, 8, 10

11 U.S.C. § 550(a)(1) ................................................................................................... 3, 7, 8

11 U.S.C. § 550 (a)(2) ................................................................................................................ 8

11 U.S.C. §§  550(a)(1) & (2) ................................................................................................... 6

K.S.A. 33-207 ............................................................................................................................ 9

## Rules

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 3

Fed. R. Civ. P. 12(c) ................................................................................................................. 3

iii

## PRELIMINARY STATEMENT

1.      The Trustee seeks to recover from Ventech Holdings 3 LLC ("V3") $1,638,592.63 as the beneficiary of a fraudulent transfer that Ventech Engineers LP ("Ventech") made to the Internal Revenue Service ("IRS"). V3 has moved for judgment of the pleadings under Rule 12(c) arguing that this case should be dismissed because the Trustee cannot avoid the fraudulent transfer from the IRS, the initial transferee of the fraudulent transfer. In support of its motion, V3 cites only three cases, none of which have any precedential or persuasive value. [Doc. 23 at 3 (citing *Greenwald v. Latham & Watkins (In re Trans-End Tech., Inc.)*, 230 B.R. 101 (N.D. Oh. 1998); *Weinman v. Simons (In re Slack-Horner Foundries Co.)*, 971 F.2d 577 (10th Cir. 1992); *Enron Corp. v. Int'l Fin. Corp. (In re Enron Corp.)*, 343 B.R. 75 (Bkr. S.D.N.Y.)]

2.      Notably absent from that analysis is any attempt to notify this Court that courts across this country, including the U.S. District Court for the Southern District of Texas, have rejected the argument that V3 now asserts and the cases on which it relies. *Guffy v. Brown (In re Brown Medical Center, Inc.)*, No. 16-0084, 2017 WL 5067604, at *3 (S.D. Tex. Sept. 11, 2017) (rejecting *Slack-Horner* has having "been criticized and rejected by other Courts of Appeals to consider the issue." *citing In re Avi, Inc.*, 389 B.R. 721 (9th Cir. BAP 2008); *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689 (11th Cir. 2005)); *see also Mirant Corp. v. Commerzbank AG (In re Mirant Corp.)*, No. 05-04142, 2010 WL 8708772, at *35 (Bkr. N.D. Tex. Apr. 22, 2010) (rejecting *Slack-Horner*, 971 F.2d at 580 and *Enron*, 343 B.R. 80–82). As discussed in more detail below, the U.S. District Court for the Southern District of Texas agreed with the reasoning of the by the Eleventh and Ninth Circuits that "once a trustee proves that an avoidable transfer exists he can then skip over the initial transferee and recover from those next in line" and "that it is sufficient that the trustee prove in the action against the subsequent transferee that the transfer was avoidable." *See Guffy v. Brown (In re Brown Medical Center, Inc.)*, No. 16-0084, 2017 WL 5067604, at *3 (S.D. Tex. Sept. 11, 2017) (internal quotations omitted).

1

3. One of V3's cases, *Latham & Watkins*, 230 B.R. 101 (N.D. Ohio 1998), involved a law firm of record for V3 in this case. Despite having institutional knowledge that its argument has been widely rejected, V3 did not inform the court of the cases directly adverse to its position and undertook no effort to address or distinguish the cases that have rejected it. *See* ABA Model Rule 3.3 (a)(2) ("A lawyer shall not knowingly fail to disclose to the tribunal legal authority in the controlling jurisdiction known to be directly adverse to the position of the client and not disclosed by opposing counsel."). The Court should not allow any new argument in reply. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994); *In re Hassell 2012 Joint Venture*, 2016 WL 5369475, at *4 (Bankr. S.D. Tex. Sept. 23, 2016) (Isjur, *J.*) ("A reply brief 'is not the appropriate vehicle for presenting new arguments or legal theories to the court.'" (citation omitted). For the reasons that follow, V3's frivolous motion must be denied.

## BACKGROUND & PROCEDURAL HISTORY

4. Ventech was a partnership for federal income tax purposes and subject to the unified partnership provisions of the Internal Revenue Code during the taxable year ending December 31, 2012. [Doc. 1 ¶ 13]. Defendant V3 is a partner of Ventech. [Doc. 1 ¶ 12]. After the Commissioner of the IRS audited Ventech's 2012 tax returns, the Commissioner discovered a failure to correctly classify dividend income and a failure to correctly compute claimed research-and-development tax credits. [Doc. 1 ¶ 14]. To settle the tax liabilities that the Commissioner discovered, V3 and Ventech's other partner agreed to pay $2,106,372 in addition to $234,474.61 in interest. [Doc. 1 ¶ 15]. Instead of paying their tax liability directly, V3 and Ventech's other partner caused the IRS to be paid from Ventech's operating account on October 19, 2016. [Doc. 1 ¶ 16]. Because V3 owned a 70% interest in Ventech, V3's allocated portion of the tax liability is $1,638,592.62 (the "Transfer"). [Doc. 1 ¶ 17]. A little over 7 months after making the Transfer, on May 26, 2017, Ventech filed its voluntary petition

for relief under chapter 7 of the title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code"). [Doc. 1 ¶ 18].

5.  Based on these facts, the Trustee brought avoidance actions against V3 for a constructive fraudulent transfer under 11 U.S.C. § 548(a)(1)(B) and against V3 and the IRS under the Texas Uniform Fraudulent Transfer Act ("TUFTA"). [Doc. 1 ¶¶ 19-31]. In addition, the Trustee sought to recover the value of the transfer from V3 as the beneficiary of the transfer under 11 U.S.C. § 550(a)(1) as well as TUFTA § 24.009.

6.  On December 6, 2019, after reviewing the IRS's motion to dismiss the complaint, the Trustee filed an agreed motion to dismiss the IRS with prejudice. [Doc. 19]. On December 16, 2019, the Court entered an order granting that motion. [Doc. 21]. Notably, the Trustee and the IRS did not stipulate to any factual findings regarding the avoidability of the transfer or otherwise. [Doc. 21].

7.  On February 21, 2020, V3 moved for judgment on the pleadings arguing that the Trustee's inability to avoid the transfer from the IRS precludes the Trustee from seeking to hold V3 liable as the beneficiary of the transfer. [Doc. 23].

## LEGAL STANDARD

8.  After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

**A. The Fraudulent Transfer Is Avoidable, and the Trustee May Recover the Value of That Transfer From V3 As the Beneficiary of the Transfer.**

9. V3 argues that the Trustee's inability to avoid the transfer to the IRS as the initial transferee precludes the Trustee's ability to recover the value of the transfer from V3 as the beneficiary of the transfer. Not so.

10. Section 548 of the Bankruptcy Code provides, in relevant part:

> The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily . . .
>
> received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
>
> was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; [or]
>
> intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured[.]

11 U.S.C. § 548(a)(1) (internal numbering omitted).

11. Likewise, TUFTA provides in relevant part:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . .
>
> without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

4

>was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
>intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

TUFTA § 24.005(a)(2) (internal numbering omitted).

12. For the purpose of V3's motion, because the allegations in the Trustee's complaint must be accepted as true, it is undisputed that there was a transfer of debtor's property, that the debtor did not receive reasonably equivalent value for the transfers, and that the debtor was insolvent at the time the transfers were made. Thus, for the purpose of this motion, the elements of section 548 of the Bankruptcy Code and TUFTA have been met.

13. "Once it is established that the trustee is entitled to avoid a transfer under section 548, section 550(a) permits the trustee to recover from particular transferees. That section provides, in relevant part, "[T]he trustee may recover, for the benefit of the estate, the property transferred or, if the court orders, the value of such property, from –(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee." *In re Red Dot Scenic*, 293 B.R. 116, 118 (S.D.N.Y. 2003). In fact, the Bankruptcy code imposes strict liability on entities for whose benefit the transfer was made. *Id.* Likewise, TUFTA § 24.009 provides that a creditor may recover judgment for the value of the asset transferred "to the extent that the transfer is voidable." *See also Tow v. Speer*, 2015 WL 1058080, at *8 (S.D. Tex. Mar. 10, 2015) ("Both § 24.009(b) of TUFTA and § 550 of the Bankruptcy Code, which Tow cited in his third amended complaint and joint pretrial order, allow a claim for money judgment against either the initial transferee of the person for whose benefit the transfer was made." (citing *In re Advanced Modular Power Sys., Inc.*, 413 B.R. 643, 678 (Bankr. S.D. Tex. 2009), *aff'd sub nom. Hsu v. W.*, No. ADV 08-03177, 2009

5

WL 7760300 (S.D. Tex. Dec. 30, 2009); *ASARCO LLC v. Americas Mining Corp.*, 404 B.R. 150, 162 (S.D. Tex. 2009)).

14. Because the transfer is avoidable – it can satisfy the elements under section 548(a)(1) of the Bankruptcy Code and TUFTA § 24.005(a)(2) – the Trustee has a viable claim for recover against V3 under § 550(a) of the Bankruptcy Code and TUFTA § 24.009(b).

### B. V3's Argument Relies On Discredited Case Law.

15. V3 asserts that the Trustee cannot recover a money judgment from V3 as the beneficiary of the fraudulent transfer because the Trustee cannot avoid the transfer to the IRS, the initial transferee. V3 cites three widely discredited cases for that proposition and provides no analysis on how those cases apply to this case. Nor does V3 attempt to distinguish the negative case history or argue that those cases nonetheless survive that negative treatment. As explained below, so long as the elements of a fraudulent transfer are met under the Bankruptcy Code or TUFTA, the Trustee may recover the value of that transfer from any beneficiary of the transfer.

16. *In re Richmond Produce Co.,, Inc.* 195 B.R. 455, 463 (N.D. Cal. 1996), a defendant "incorrectly construe[d] the "to the extent that a transfer is avoided" language from section 550 to mean that in order to recover from a subsequent transferee, the trustee must first successfully avoid the transfer with respect to the initial transferee." That interpretation conflated avoidance powers and the recovery section of the Bankruptcy Code. The Court went on to explain how the Trustee must only show how the transfer was avoidable under the Bankruptcy Code to recover against a subsequent transferee or beneficiary:

> Section 550 clearly provides for recovery from "the initial transferee . . . or the entity for whose benefit the transfer was made or . . . any immediate or mediate transferee." 11 U.S.C. §§ 550(a)(1) & (2). The provision contains no language that suggests that recovery from immediate transferees is in any way dependent upon a prior action or recovery against the initial transferee.
> . . . .

> On the contrary, "'avoidability is an attribute of the transfer rather than that of the creditor.' The 'to the extent that' language simply recognizes that transfers sometimes may be avoided only in part, and that only the avoided portion of a transfer is recoverable.
>
> In short, once the trustee proves that a transfer is avoidable under section 548, he may seek to recover against any transferee, initial or immediate, or an entity for whose benefit the transfer was made.

*Id.* (citations omitted).

17. In *In re Connolly North America, LLC*, a beneficiary of a preference asserted the very argument that V3 asserts here in the fraudulent transfer context. 340 B.R. 829, 837–43 (Bankr. E.D. Mich. 2006). In persuasive analysis, the Court rejected that defendant's efforts. In that case, the defendant Art Leather asserted that there could be no recovery against it because the statute of limitations against the initial transferee, GE Capital, and the court had dismissed the claims against it with prejudice. *Id.* at 837. In developing its argument, Art Leather relied on one of the very cases that V3 cites here, *Latham & Watkins*, 230 B.R. 101 (Bankr. N.D. Ohio 1998). The Court rejected the defendant's analysis and the application of *Latham & Watkins* that V3 advances here. In that case, the trustee argued that he could recover the value of the transfer from Art Leather under § 550(a)(1) to the extent he could demonstrate that the transfer was "avoidable." *Id.* By avoidable, that trustee meant that he could show that the elements of an avoidable transfer existed, and no affirmative defenses applied when the transfer were analyzed vis-à-vis either the initial transferee of Art Leather as the transfer's beneficiary. *Id.*. There was "no reason apparent from the wording of § 547 why the Trustee could not file an avoidance action only against the transfer beneficiary, and if successful in avoiding the transfer, seek recover under § 550(a)(1) from that transfer beneficiary." The same analysis applies here.

18. The Northern District of Texas has also rejected V3's argument and the application of the *Slack-Horner* case and *Enron* case that V3 presses here. *In re Mirant Corp.*, No. 03-046590 DML, 2010 WL 8708772, at *35 (Bankr. N.D. Tex. Apr. 22, 2010). In that case, the defendant argued that

7

the court must dismiss the claims because, according to the defendant, the plaintiff would have to first avoid the transfers to an initial transferee and that the plaintiff failed to do so because the claims against the initial transferee were time barred. The defendant rested its argument on language from 11 U.S.C § 550(a) that says that a trustee may recover from an immediate or mediate transferee "to the extent the transfer is avoided." *Id.* The Court refused to honor the argument and noted the critical treatment the *Slack-Horner* case had received. *Id.* The Court acknowledged

> a split of authority on this issue. One line of authorities holds that the phrase "to the extent that a transfer is avoided" in section 550 requires avoidance first as to any initial transferee before immediate or mediate transferees can be pursued. *See Weinman v. Simons (In re Slack–Horner Foundries Co.),* 971 F.2d 577, 580 (10th Cir.1992); *Enron Corp. v. Int'l. Fin. Corp. (In re Enron Corp.),* 343 B.R. 75, 80–82 (Bankr.S.D.N.Y.2006). The other holds that avoidance is not required as to the initial transferee as a predicate to pursuit of other transferees. *See IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.),* 408 F.3d 689, 704 (11th Cir. 2005); *Crafts Plus, Inc. v. Foothill Capital Corp. (In re Crafts Plus, Inc.),* 220 B.R. 331, 338 (Bankr. W.D. Tex. 1998). Because this court believes that interpreting section 550 to require avoidance of the initial transfer before allowing recovery from subsequent transferees "conflates Chapter 11's avoidance and recovery sections," it believes the latter line of authorities is more persuasive. *IBT Int'l,* 408 F.3d at 706 (quoting *Kendall v. Sorani (In re Richmond Produce Co., Inc.),* 195 B.R. 455, 463 (N.D.Cal.1996)). Thus, MCAR's amended complaint states a claim for relief under sections 550(a)(1) and (a)(2).

*Id.*

19. Likewise, in *In re Brown Med. Ctr., Inc.*, the Southern District of Texas rejected the argument that V3 asserts here and expressly rejected the second of the three cases on which V3 relies, *Slack Horner*. No. BR. 15-3229, 2017 WL 5067603, at *3 (S.D. Tex. Sept. 11, 2017). In that case, the defendant argued that the Trustee must first avoid a transfer from the debtor to the initial transferee before seeking to recover the property from a subsequent transferee. *Id.* (citing *In re Slack-Horner Foundries Co.*, 971 F.2d 577, 580 (10th Cir. 1992)). The Southern District of Texas rejected the argument and the application of the case:

8

> The majority panel's decision in *Slack-Horner*, however, has been criticized and rejected by other Courts of Appeals to consider the issue. In *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689 (11th Cir. 2005), the Eleventh Circuit held that once a trustee "proves that an avoidable transfer exists he can then skip over the initial transferee and recover from those next in line." *Id.* at 706. In *In re Avi, Inc.*, 389 B.R. 721 (9th Cir. BAP 2008), the Ninth Circuit Bankruptcy Appellate Panel similarly held that it is "sufficient that the trustee prove in the action against the subsequent transferee that the transfer was avoidable." *Id.* at 733. Noting that the "concepts of avoidance and recovery are separate and distinct," the Ninth Circuit held that the trustee need not first avoid an initial transfer before seeking recovery from a subsequent transferee. *See id.* at 734.
>
> This Court concludes that the decisions and reasoning by the Eleventh and Ninth Circuits are more persuasive than the *Slack-Horner* decision by the split Tenth Circuit panel. Therefore, the Court rejects Attorney Brown's argument that he is entitled to summary judgment because the Plan Trustee did not first avoid the transfers from BMC to Brown.

*Id.*

20. V3's line of cases fails for another reason: those cases involved subsequent transferees, not beneficiaries of a fraudulent transfer. One bankruptcy court expressly rejected the application of the *Slack-Horner* cases to a Trustee's attempt to recover from the beneficiary of a fraudulent transfer on facts strikingly similar to this case. *See In re Brooke Corp.*, 488 B.R. 459, 466 (Bankr. D. Kan. 2013). In *Brooke Corp*, the debtor had transferred money to third parties and the Trustee made a fraudulent transfer and recovery claim against the party for whom the transfer benefitted under both the bankruptcy code and Kansas' fraudulent transfer law:

> In Count V, the Trustee alleges that the Operating Expense Transfers totaling $22,306,633.62 and the Other Lender Transfers totaling $17,005,570.89 were likewise constructively fraudulent transfers . . . . **It is alleged that even though the payments were made to third parties, these transfers may be recovered from NCMIC under Bankruptcy Code § 550 and K.S.A. 33-207 because NCMIC benefitted from the transfers.**

9

*Id.* at 464 (emphasis added and footnotes omitted). The defendant in that case, NCMIC, made the same argument that V3 asserts here: "NCMIC argues, based upon the decision of the Tenth Circuit Court of Appeals in *Slack-Horner*, that the Trustee may not recover the transfers from NCMIC because he has not avoided the transfers from Brooke to the third parties. NCMIC also argues that any such avoidance action would now be time barred." *Id.* at 466.

21. The Court was not persuaded and rejected the defendant's argument noting that the much-discredited *Slack-Horner* case "stands for the rule that avoidance of the initial transfer is necessary before the transfer can be recovered from subsequent transferees." *Id.* The Court would not apply that logic to preclude recovery from the beneficiary of a fraudulent transfer:

> But *Slack-Horner* does not apply to this case. There are three categories of persons from whom recovery can be made under § 550(a): (1) the initial transferee; (2) the party for whose benefit the transfer was made; and (3) any immediate or mediate transferee of the initial transferee (subsequent transferees). Slack–Horner applies to subsequent transferees. In this case, the Trustee seeks to recover the transfers from NCMIC as a transfer beneficiary, not as a subsequent transferee. The Court declines to extend Slack–Horner to transfer beneficiaries. As this Court has previously observed, Slack–Horner is a minority position, and the argument that it was wrongly decided is attractive. Further, the Trustee is not seeking to recover from NCMIC without an adjudication that the transfers are avoidable; in Count V, the Trustee seeks both to avoid the transfers as fraudulent transfers and to recover from NCMIC.

*Id.* at 466. The Court should likewise reject V3's position.

22. V3 relies on one more case to advance its position, *Enron Corp. v. Int'l Fin. Corp. (In re Enron)*, 343 B.R. 75 (Bankr. S.D.N.Y). That case, however, was reversed on direct appeal. *See In re Enron Creditors Recovery Corp.*, 388 B.R. 489 (S.D.N.Y. 2008).

23. V3 offers no analysis of the cases it cites and neither does it attempt to distinguish those cases from the facts presented in this case. Accordingly, V3 has not presented the Court with any basis to dismiss this case on the pleadings.

24. V3 also moves for judgment on the pleadings with respect to the Trustee's claim for attorneys' fees based solely on the presumption that it would win its motion on the fraudulent transfer claims. Likewise, because the fraudulent-transfer claims should not be dismissed, the Trustee's claim for attorneys' fees survives the motion for judgment on the pleadings.

## CONCLUSION

25. For the foregoing reasons, the Trustee respectfully requests that the Court enter an order denying V3's motion for judgment on the pleadings.

Dated: March 13, 2020

DIAMOND MCCARTHY LLP

*/s/ Charles M. Rubio*
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Brian Raymond Hogue
TBA No. 24094725
bhogue@diamondmccarthy.com
Two Houston Center
909 Fannin, 37th Floor
Houston, Texas 77010
(713) 333-5100 Telephone
(713) 333-5199 Facsimile

*Counsel to Rodney D. Tow, In His Capacity As Chapter 7 Trustee Of Ventech Engineers, LP*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing Response was served by the Court's ECF electronic noticing system on the 13th day of March 2020 to all parties registered to receive electronic service in this case.

                                                                                                */s/ Charles M. Rubio*