**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| VENTECH ENGINEERS LP, et. al., | ) |
| | ) Case No. 17-33203 |
| Debtor. | ) |
| | ) |
| ------------------------------------------------------- | ) |
| | ) Adversary No. 19-03637 |
| RODNEY D. TOW, CHAPTER 7 TRUSTEE FOR THE ESTATE OF VENTECH ENGINEERS LP | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| VENTECH HOLDINGS 3 LLC, INTERNAL REVENUE SERVICE AND CHARLES P. RETTIG | ) |
| | ) |
| Defendants | ) |
| | ) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS**
[Docket Nos. 23 and 24]

Defendant Ventech Holdings 3 LLC ("Defendant" or "V3"), by and through its undersigned counsel, respectfully submits this Reply in Support of its Motion For Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) and Federal Rule of Bankruptcy Procedure 7012.

I.  **ARGUMENT**

A.  **The Trustee Offers No Binding Authority That Allows Him To Recover
From V3.**

There is no binding authority that permits the Trustee to recover from V3 in these circumstances.  The Opposition does not cite a single fraudulent transfer case that is analogous to

this one—where avoidance of the initial transfer *could never* occur because the initial transferee has been dismissed with prejudice from the case (indeed, with the consent and on the motion of the plaintiff).   Moreover, even if they were relevant, all of the cases cited in the Opposition are district court and out-of-circuit precedents that have no binding effect on this case.

*Shapiro v. Art Leather, Inc. (In re Connolly N. Am., LLC)*, 340 B.R. 829 (Bankr. E.D. Mich. 2006), cited in Opp. ¶ 17, concerned a preference claim under Section 547(b), not a fraudulent transfer claim under Section 548—and the Court specifically distinguished the case on that basis. *Id.* at 840.   Unlike Section 548, Section 547(b)(1) permits avoidance of a transfer "to or for the benefit of a creditor."   Accordingly, in a preference case, "the transfer beneficiary is a proper party defendant to the Trustee's avoidance action, given the wording of § 547(b)(1)." *Id.* at 839.   That language does not appear in Section 548, so to the extent that *Art Leather* has any relevance here it would suggest a *different* result should apply in a fraudulent transfer case.

*Tese-Milner v. Brune (In re Red Dot Scenic, Inc.)*, 293 B.R. 116 (S.D.N.Y. 2003), cited in Opp. ¶ 13, a New York district court decision, concerned a transfer to an initial transferee—not a subsequent transferee—and unlike the Trustee here, the trustee in *Red Dot did* bring an avoidance claim against the initial transferee.   *Id.* at 117.   The Court made it clear that only "[o]nce it is established that the trustee is entitled to avoid transfers under section 548," may he proceed to recover from transferees under section 550(a)—which is exactly V3's point.   *Id.* at 118.   The defendant did not dispute the elements of the trustee's avoidance claim, and the Court therefore proceeded to consider the trustee's right to recover under Section 550(a).

In *Kendall v. Sorani (In re Richmond Produce Co., Inc.)*, 195 B.R. 455 (N.D. Cal. 1996), cited in Opp. ¶ 16, a trustee sought to recover from an immediate transferee—a bank holding a cashier's check—without first bringing suit against the initial transferee, the individual who

2

deposited the check.  195 B.R. at 459.  But there was nothing barring an avoidance action against the initial transferee to avoid the transfer—there was no suggestion that the statute of limitations had run against the initial transferee, no avoidance or recovery suit had been brought against the initial transferee, and there was no order dismissing any such claim with prejudice.  In contrast, the Trustee here *cannot ever* avoid the transfer to the IRS because he has agreed to dismiss the IRS with prejudice from the case.

Likewise, in both *In re Mirant Corp.*, No. 03-046590 DML, 2010 WL 8708772 (Bankr. N.D. Tex. Apr. 22, 2010) and *Guffy v. Brown (In re Brown Medical Center, Inc.)*, No. 16-0084, 2017 WL 5067603 (S.D. Tex. Sept. 11, 2017); Opp. ¶¶ 18, 19, there was nothing barring an avoidance action against the initial transferees.  As a result, neither court considered the argument raised here—that the Trustee *can never* avoid the initial transfer because he has agreed to dismiss the initial transferee with prejudice.  And both Courts acknowledged a split of authority on the central issue of whether avoidance of the initial transfer is a precondition to recovery.  *See Mirant Corp.*, 2010 WL 8708772, at *35; *see also Guffy*, 2017 WL 5067603, at *3.

In *Redmond v. NCMIC Fin. Corp. (In re Brooke Corp.)*, 488 B.R. 459 (Bankr. D. Kan. 2013), a Kansas district court declined to extend the reasoning in *Slack-Horner*—which concerned subsequent transferees—to the case before it, which concerned transfer beneficiaries.   488 B.R. at 466.  The Court did not explain why transfer beneficiaries are distinct from subsequent transferees for the purposes of the Code's avoidance and recovery provisions, even though it acknowledged that Section 550(a) authorizes recovery—without distinction—from (i) an initial transferee, (ii) the party for whose benefit the transfer was made, and (iii) any immediate or mediate (subsequent) transferee.  *Id*.  The Trustee offers no explanation for this conclusion either, and it finds no support in the statutory language.  In any event, if the Trustee is correct, then none

3

of the cases he offers lends support to his position; all of them concern either initial or subsequent transferees.

The Trustee cites no cases that support his reading of TUFTA either. *Tow v. Speer*, 2015 WL 1058080 (S.D. Tex. Mar. 10, 2015), cited in Opp. ¶ 13, says nothing about whether avoidance is a precondition to recovery under the statute. In the cited section, the Court merely concluded that the Trustee did not waive his right to seek a money judgment by failing to include the correct statutory provisions in his complaint. In any event, the Court was clear that Mr. Tow "sought to avoid the transfers" at issue—something he *cannot* do in this case. *See id*. at *8.

### B.    Numerous Courts Have Held That Avoidance is a Requirement of Recovery

The IRS has now been dismissed with prejudice from the case—with the consent of the Trustee.[1] As a result, the payment to the IRS *can never* be avoided. Based on the clear language of the Bankruptcy Code, the transfer therefore cannot be recovered from V3, the transfer beneficiary.

There is extensive support for this position. Numerous courts have confirmed that § 550 requires that a plaintiff successfully avoid a transfer to the initial transferee under § 548 in order to recover from a subsequent transferee. *See, e.g.*, *Weinman v. Simons (In re Slack-Horner Foundries Co.)*, 971 F.2d 577, 580 (10th Cir. 1992) ("[I]n order to recover from a subsequent transferee the trustee must first have the transfer of the debtor's interest to the initial transferee avoided under § 548"); *Smith v. Nicholas/Earth Printing, L.L.C. (In re Bob Nicholas Enters., Inc.)*, 358 B.R. 693, 713 (Bankr. S.D. Tex. 2007) ("As liability of a transferee under 11 U.S.C. § 550 is predicated upon avoidance of a transfer under §§ 548 or 549, the Court finds that the trustee has

---

[1] The Trustee conveniently mischaracterizes V3's argument as being based on the statute of limitations. *See* Opp. ¶ 17. But V3's Motion said absolutely nothing about the statute of limitations.

4

10509447v1

failed to prove a cause of action under 11 U.S.C. § 550."); *Silverman v. K.E.R.U. Realty Corp. (In re Allou Distribs.)*, 379 B.R. 5, 19 (Bankr. E.D.N.Y. 2007) ("Thus, before the Trustee may obtain an 'actual recovery' from the Movants under § 550(a), he must first avoid the underlying initial transfers."); *Geltzer v. Fur Warehouse, Ltd. (In re Furs by Albert & Marc Kaufman, Inc.)*, No. 05-1838, 2006 Bankr., 2006 WL 3735621, at *8 (Bankr. S.D.N.Y. Dec. 14, 2006) (noting that an "essential element" of a trustee's recovery under § 550(a) was his avoidance of the initial transfer); *Williams v. Mortillaro (In re Res., Recycling & Remediation, Inc.)*, 314 B.R. 62, 69 (Bankr. W.D. Pa. 2004) ("Section 550(a) is a recovery provision and gives rise to a secondary cause of action which applies after the trustee has prevailed under one (or more) of the avoidance provisions found in the Bankruptcy Code."); *Yoppolo v. Liberty Mortgage (In re Morgan)*, 276 B.R. 785, 789 (Bankr. N.D. Ohio 2001) ("[E]xamination of the statutory language" of § 550 and "its legislative history" lead to the conclusion that a "trustee must first avoid an underlying transfer" before seeking to recover); *Greenwald v. Latham & Watkins (In re Trans-End Tech., Inc.)*, 230 B.R. 101, 104–05 (Bankr. N.D. Ohio 1998) ("[A] transfer must be avoided, rather than shown to be merely avoidable, before recovery from any transferee can be accomplished.");[2] *Brandt v. Hicks (In re*

---

[2] Citing ABA Model Rule 3.3(a)(2), the Trustee erroneously claims that because counsel of record in this case supposedly have "institutional knowledge" of the outcome in *Greenwald*, counsel should have disclosed the non-binding authorities (cited in the Trustee's Opposition) which subsequently cited *Greenwald*. Opp. ¶ 3. But there is no reason why Latham & Watkins, as a firm, would be aware of cases from other circuits that subsequently distinguished *Greenwald* years after Latham's involvement concluded, *i.e.*, after the case was decided in 1998. In addition, none of the lawyers representing V3 were involved in *Greenwald*. And in any event, the cases cited in the Opposition are not controlling, so ABA Model Rule 3.3(a)(2) did not require their disclosure. *See Jones v. Wells Fargo Home Mortg., Inc. (In re Jones)*, 418 B.R. 687, 695 n.26 (E.D. La. 2009) (failure to disclose controlling Fifth Circuit precedent could violate Louisiana Rule of Professional Conduct 3.3(a)(2)); *Shelton v. S. Energy Homes, Inc.*, 420 F. Supp. 2d 579, 580 n.1 (S.D. Miss. 2006) (failing to disclose controlling U.S. Supreme Court and Fifth Circuit precedent violated Mississippi Rule of Professional Conduct 3.3(a)(2)); *Chew v. KPMG, LLP*, 407 F. Supp. 2d 790, 802 n.13 (S.D. Miss. 2006) (failure to disclose controlling Fifth Circuit authority violated Mississippi Rule 3.3(a)(2)).

5

*Healthco Int'l, Inc.*), 195 B.R. 971, 981–82 (Bankr. D. Mass. 1996) ("If the initial transferee makes a second transfer, the property may be recovered from the later transferee only if the 'transfer is avoided' with respect to the 'initial transferee.'"); *Santee v. Nw. Nat'l Bank (In re Mako, Inc.)*, 127 B.R. 471, 473 (Bankr. E.D. Okla. 1991) ("§ 550(a) is a secondary cause of action after a properly appointed representative has prevailed pursuant to the avoidance sections of the Code.").

That is because the language of the statute is clear:  a plaintiff is permitted to recover the value of a transfer from a subsequent transferee or beneficiary "*[t]o the extent that a transfer is avoided.*"  11 U.S.C. § 550(a).  The Trustee effectively contends that the word "avoided" actually means "avoidable," *see* Opp. ¶ 14, but that argument is belied by the language of the Code itself. In contrast to Section 550(a), in other sections of the Code where it was intended that a court merely determine whether a transfer is *avoidable*, the term "avoidable" is used.  *See In re Consol. Capital Equities Corp.*, 143 B.R. 80, 84 (Bankr. N.D. Tex. 1992) (noting that the express language of Section 502(d) of the Bankruptcy Code "does not require that the transfer be avoided, only that it be 'avoidable.'"); *In re McCowan*, No. 09-10347-8-SWH, 2018 WL 4056991, at *3 (Bankr. E.D.N.C. Aug. 24, 2018) (distinguishing between "avoidable" claims under Section 502(d) and "avoided" claims under Section 544).  The Code clearly and deliberately separates the concepts of avoidance and recovery—and makes avoidance a precondition to recovery.   The Trustee's construction disregards the clear statutory language and conflates the Code's avoidance and recovery provisions.[3]

---

[3] The Trustee takes issue with *Enron Corp. v. Int'l Fin. Corp. (In re Enron Corp.)*, 343 B.R. 75 (Bkr. S.D.N.Y.); Opp. ¶ 22.  But he conveniently omits the fact that the appellate court approved the reasoning of the lower court, confirmed that avoidance is a "condition precedent" to recovery, and specifically upheld "the normal regimen" of first proceeding to avoid an initial transfer, and then proceeding to recover from the initial transferee.  *See* Tr. of Oral Argument, *In re Enron Creditors Recovery Corp.*, 388 B.R. 489 (S.D.N.Y. 2008) at 38:8–13.  Although the court accepted the possibility that an equitable exception to this "useful" general rule might be available where

Moreover, Section 548(a)—in contrast to other sections of the Code, such as Section 547—does not permit the Trustee to recover from a person for whose benefit the transfer was made. *See* 11 U.S.C. § 547(b)(1). To the contrary, Section 548(a) explicitly encompasses one particular kind of beneficiary—"an insider under an employment contract"—but otherwise does not encompass beneficiaries. To give meaning to this distinction between Section 547 and 548 , beneficiaries (other than insiders) are not proper defendants in avoidance actions for fraudulent transfers under Section 548, unlike for preference claims under Section 547. *Cf. Shapiro v. Art Leather, Inc. (In re Connolly N. Am., LLC)*, 340 B.R. 829 (Bankr. E.D. Mich. 2006)

Finally, even if Section 550(a) only required that a transfer be "avoidable," that requirement would still not be met here. In this case, the transfer to the IRS can never be avoided because the Trustee has dismissed the initial transferee with prejudice. As a result, the initial transfer is not "avoidable" in any sense. And the Trustee's actions here show that he knows this fatal flaw in his claim. The Trustee, despite having failed to enter into a tolling agreement with the IRS and knowing that the action was time-barred, sued the IRS for avoidance under Section 548. The Trustee then immediately (and understandably) agreed to dismiss the IRS with prejudice from the case. The only reason for the Trustee to have brought his futile claim against the IRS was to manufacture some argument that he had sought to avoid the initial transfer. But this tactic cannot save the Trustee's claim; instead, by agreeing to dismiss the IRS with prejudice, he voluntarily ensured that the initial transfer could never be avoided. Accordingly, the Trustee cannot recover from V3 under Section 550(a).

---

the initial transferee is made defunct through the complicit action of subsequent transferee affiliates, the Court specifically upheld the general rule in cases where—as here—there are "live companies on all three ends," or "two live companies" and a trustee. *Id.* at 27:21–24.

7

Dated:  March 27, 2020

PORTER HEDGES LLP

*/s/ John F. Higgins*
John F. Higgins
(Texas Bar No. 09597500)
1000 Main St., 36th Floor
Houston, TX 77002
Tel:  (713) 226-6648
Fax:  (713) 226-6628
Email:  jhiggins@porterhedges.com

LATHAM & WATKINS LLP
Christopher Harris (admitted *pro hac vice*)
Leah Friedman (admitted *pro hac vice*)
885 Third Avenue
New York, NY 10022
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: christopher.harris@lw.com
leah.friedman@lw.com

*Counsel for Defendant Ventech Holdings 3
LLC*

### CERTIFICATE OF SERVICE

I certify that on March 27, 2020, I caused a copy of the foregoing document to be served

by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern

District of Texas.

*/s/ John F. Higgins*
John F. Higgins

8

10509447v1