## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **VENTECH ENGINEERS** | § | **Case No. 17-33210** |
| **INTERNATIONAL LLC,** | § | |
| Debtor. | § | **(Chapter 7)** |
| | § | |
| | § | |
| **RODNEY D. TOW, CHAPTER 7** | § | |
| **TRUSTEE FOR THE ESTATE OF** | § | |
| **VENTECH ENGINEERS LP,** | § | **Adversary No. 19-03637** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| **VENTECH HOLDINGS 3 LLC,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## MOTION TO AMEND RULE 12(c) ORDER
## AND FOR LEAVE TO FILE AMENDED COMPLAINT

TO THE HONORABLE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE:

Plaintiff, Rodney D. Tow (the "Plaintiff" or "Trustee") in his capacity as the chapter 7 trustee

for the estate of Ventech Engineers, LP ("Ventech"), by and through his undersigned counsel, files

this Motion to Amend the Rule 12(c) Order and For Leave to File Amended Complaint (the

"Motion") to allow Trustee to file an amended complaint and to clarify that attorneys' fees are not

awarded to V3, and respectfully states the following:

### JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334. This is a

core proceeding pursuant to 28 U.S.C. § 157(b).

1

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory basis for the requested relief is Rule 59 of the Federal Rules of Civil Procedure (the "Federal Rules") made applicable to this proceeding by Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Federal Rule 15 made applicable to this proceeding by Bankruptcy Rule 7015.

## BACKGROUND

4.      On October 22, 2019, the Trustee filed a complaint against Defendant Ventech Holdings 3 LLC ("V3"), the IRS, and the Commissioner of the IRS ("Commissioner") seeking to avoid and recover the amount of an alleged fraudulent transfer that Ventech made to the IRS for the benefit of V3. [ECF 1]

5.      On November 22, 2019, V3 answered the complaint. [ECF 14]

6.      On December 16, 2019, this Court entered an agreed order between the Trustee, the IRS, and the Commissioner that dismissed the IRS and the Commissioner from the case.

7.      On February 21, 2020, prior to discovery or the entry of a scheduling order, V3 moved for judgment on the pleadings under Federal Rule of Bankruptcy Procedure 7012, incorporating Rule 12(c) of the Federal Rules of Civil Procedure ("12(c) Motion").

8.      V3's 12(c) Motion raised one substantive argument: V3 sought dismissal of the complaint on the pleadings on a theory that the Trustee could not recover the value of the transfer made from V3 now that the initial transferee (the IRS) had been dismissed from the case.

9.      The parties litigated that single issue through to April 3, 2020, when the Trustee filed a surreply to the 12(c) Motion. [ECF 26]

10.      On April 15, 2020, the Court entered an order granting the 12(c) Motion. [ECF 27]. In its entirety, that Order reads:

WHEREAS, Defendant Ventech Holdings 3 LLC (the "Defendant") having filed its Motion for Judgment on the Pleadings [sic] (the

"Motion") and the Court, having considered the Motion and the responses and replies, and being of the opinion that the relief requested in the Motion should be granted. [sic] **In granting the motion, the Court does not opine on whether a claim to recover the subject payment exists; rather, the Court grants the motion based on the claims and facts actually asserted by the Trustee**.

[ECF 27 (emphasis added) (the "12(c) Order")]. The 12(c) Order grants the 12(c) Motion but does not specify which relief requested if being granted. Pursuant to the Motion, V3 requested, among other things, dismissing the complaint with prejudice and awarding V3 attorney's fees and costs.

## RELIEF REQUESTED

11.     By this Motion, pursuant Federal Rule 59 made applicable to this proceeding by Bankruptcy Rule 9023 and Federal Rule 15, made applicable to this proceeding by Bankruptcy Rule 7015, the Trustee seeks entry of an order, substantially in the form of the proposed order attached hereto, which amends the Original Order by clarifying that the 12 (c) Motion is granted without prejudice to filing of an amended complaint and clarifying that the 12(c) Order did not award V3 attorneys' fees and costs.

12.     If the relief is granted, the Trustee intends to file an Amended Complaint substantially in the form attached hereto as Exhibit A.

## BASIS FOR RELIEF

13.     Federal Rule 59(e), made applicable in bankruptcies via Federal Rule of Bankruptcy Procedure 9023, allows parties to seek reconsideration of court orders by filing and serving a written motion within 14 days of the order. *See* Fed. R. Civ. P. 59; Fed. R. Bankr. P. 9023. A court may amend or alter a previous judgment or order to prevent manifest injustice. *See e.g., Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989), *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). "What is clear from case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy."

3

*Alvarado v. Texas Rangers*, No. EP-03-CA-0305-FM, 2005 WL 1420846, at * 3 (W.D. Tex. Jun. 14, 2005).

14.     Bankruptcy Rule 7015 makes Federal Rule of Civil Procedure 15, governing amendments, applicable to adversary proceedings.  Fed. R. Civ. P. 15; Fed R. Bankr. P. 9023.

### A.     The Trustee Requests that the Court Amend Its 12(c) Order To State "Without Prejudice."

15.     The Court stated in its Rule 12(c) Order that it did "not opine on whether a claim to recover the subject payment exists; rather, the Court grants the motion based on the claims and facts actually asserted by the Trustee."  Because the Court has indicated that it has not foreclosed the possibility that a claim for recovery against V3 exists and because a dismissal with prejudice at this stage of the litigation is a severe remedy, the Trustee respectfully requests that the Court enter an order amending the 12(c) Order to clarify that it is without prejudice in order for the Trustee to file a new complaint and prevent manifest injustice.

16.     At this stage of the litigation, courts typically grant a Rule 12(c) motion without prejudice in order to provide the plaintiff at least one chance to replead.  *Williams v. HSBC Bank USA,* No. 3:16-cv-0787-D, 2017 WL 5649605, at * 1 (N.D. Tex. Jan. 30, 2017) ("When the court grants a Rule 12(c) motion, it typically gives the plaintiffs another opportunity to replead.").  "It is 'well-established' that plaintiffs who fail to meet their burden on a motion for judgment on the pleadings and yet 'may still have a viable avenue to recover' should be 'granted leave to amend their complaint and make their 'best case.'"  *Parker v. Allstate Insurance Co.*, No 3:16-cv-00892-CWR-FKB, 2017 WL 4287912, at *1 (S.D. Miss. Sept. 27, 2017) (quoting *Boutwell v. Time Ins. Co.*, No. 3:11-cv-689-CWR-LRA, 2013 WL 53902, at *4 (S.D. Miss. Jan. 3, 2013)). The Fifth Circuit has made clear that its "well-established policy that the plaintiff by given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Thus, federal policy is to decide cases on the merits rather than technicalities, and the Fifth Circuit has recommended that suits be dismissed without prejudice

4

on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co,* 313 F.3d 305, 329 (5th Cir. 2002). In *Hines v., Wainwright*, the Fifth Circuit vacated and remanded a Rule 12(c) dismissal and instructed the district court to dismiss without, instead of with, prejudice. 539 F.2d 433, 434 (5th Cir. 1976). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Id.*

17.     Here, the Trustee respectfully asks that the Court amend its Rule 12(c) Order provide an opportunity to amend his complaint consistent with federal policy and customary pleading practice. The Court itself left open the possibility that the Trustee might recover the value of the alleged fraudulent transfer, and the Trustee can meet the standards under Federal Rule of Civil Procedure 15 for amending the Complaint. *See Alvarado v. Texas Rangers*, No. EP-03-CA-0305-FM, 2005 WL 1420846, at * 3 (W.D. Tex. Jun. 14, 2005)

**B.     The Court Should Grant Leave to Amend the Complaint.**

18.     Bankruptcy Rule 7015 makes Federal Rule of Civil Procedure 15, governing amendments, applicable to adversary proceedings. Rule 15(a) requires a trial court "to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines*, 238 F.3d 282, 286 (5th Cir. 2002). A district court must possess a "substantial reason" to deny a request for leave to amend. *Id.* (quoting *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). "As outlined by the Supreme Court, [the Fifth] Circuit examines five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). "Absent any of these factors, the leave sought should be 'freely given'" *Id.*

19.     Here, there has been no undue delay; no bad-faith or dilatory motive; and no repeated failure to cure a deficiency by previous amendments. This is the Trustee's first request to amend the

complaint, which was timely submitted after the Court granted the Rule 12(c) Motion.

20.     Moreover, the relief requested does not substantially prejudice V3.  "A defendant is prejudiced if an added claim would require the defendant to 'reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the Court.'"  *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (citation omitted); *see also Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) ("[W]hen late tendered amendments involve new theories of recovery and impose additional discovery requirements, courts of appeals are less likely to find an abuse of discretion due to the prejudice involved.").  At this stage of the litigation, an order allowing the Trustee leave to file an amended complaint does not prejudice V3 because written and document discovery have not yet begun.

21.     Finally, the amendment is not futile.  The Court's order did not foreclose the possibility that the Trustee could plead a claim for recovery.  On the issue litigated in the Rule 12(c) Motion, the Trustee has established the difference between avoidance and recovery and presented the Court with authority that did not require the presence of an initial transferee in an action for avoidance and recovery.  The proposed amendment changes statements in the Complaint to better track the standards and language used in the authorities cited by the Trustee in his briefing against the Rule 12(c) Motion.

**C.      The Trustee Requests that the 12(c) Order Specify that the Parties Carry Their Own Fees and Costs.**

22.     The order that V3 submitted with its Rule 12(c) Motion requested attorneys' fees and costs. V3's own pleadings and the briefing that V3 submitted with the Rule12(c) Motion fails to provide a single statutory or common-law basis to award it fees and costs and V3 has not submitted any argument to the Court justifying an award of fees and costs.

23.     "The general rule in federal courts is that a prevailing party cannot recover attorney's fees absent specific statutory authority, a contractual right, or certain special circumstances."  *In re*

*Fanzin*, 2017 WL 7050632, at \*20 (Bankr. N.D. Tex. Dec. 22, 2017) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 255-60 (1975); *Galveston Cnty Navig. Dist. No. 1 v. Hopson Towing Co., Inc.*, 92 F.3d 353, 356 (5th Cir. 1996) (noting "[g]enerally, absent statute or enforceable contract, litigants must pay their own attorneys' fees.")).  The rule "is so venerable and ubiquitous in American courts it is known as the 'American Rule'" *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006).  Texas applies the American rule.  *Id.*; *Crenshaw v. General Dynamics Corp.*, 940 F.2d 125 (5th Cir. 1991).  Further, the American Rule applies to litigation in bankruptcy courts.  *See In Re S.S.*, 271 B.R. 240, 245 (Bankr. D.N.J. 2002).

24.     Here, it is unclear whether the Court's Rule 12(c) Order intended to grant fees and costs to V3.  Accordingly, the Trustee respectfully requests that the Court clarify the 12(c) Order to specify that the parties carry their own fees and costs and V3 is not awarded attorneys' fees and costs.

[Remainder of Page Intentionally Left Blank]

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Court enter the proposed order attached hereto that amends the 12(c) Order to clarify that its entry was without prejudice; to grant the Trustee leave to file an amended complaint; to clarify that the 12(c) Order does not award fees and costs and providing such other relief that is just and proper.

Dated: April 28, 2020

DIAMOND MCCARTHY LLP

*/s/ Charles M. Rubio*
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Brian Raymond Hogue
TBA No. 24094725
bhogue@diamondmccarthy.com
Two Houston Center
909 Fannin, 37th Floor
Houston, Texas 77010
(713) 333-5100 Telephone
(713) 333-5199 Facsimile

*Counsel to Rodney D. Tow, In His Capacity as
Chapter 7 Trustee of Ventech Engineers, LP*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on April 28, 2020 by electronic transmission to all parties registered to receive electronic notice in this case via the Court CM/ECF system.

*/s/ Charles M. Rubio*