# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br>**VENTECH ENGINEERS LP et al.,**<br><br>Debtors,[1]<br><br>**RODNEY D. TOW, CHAPTER 7 TRUSTEE FOR THE ESTATE OF VENTECH ENGINEERS LP,**<br><br>Plaintiff,<br><br>v.<br><br>**VENTECH HOLDINGS 3 LLC,**<br><br>Defendant. | Case No. 17-33203<br><br>Jointly Administered<br><br>Adversary No. 19-03637 |

## [PROPOSED] AMENDED COMPLAINT

Plaintiff, Rodney D. Tow (the "Plaintiff" or "Trustee") in his capacity as the Chapter 7 Trustee for the Estate of Ventech Engineers LP ("Ventech," and collectively with Ventech and the other affiliated debtors in the above-referenced bankruptcy cases, the "Debtors" and each a "Debtor"), by and through his counsel, Diamond McCarthy LLP, brings this adversary proceeding to recover $1,638,592.63 from Ventech Holdings 3 LLC ("V3") in addition to all other awards in law and in equity granted by this Court. The Trustee alleges the following:

---

[1] The names of the debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ventech Engineers L.P. (0943); Ventech Engineers LLC (7644); Ventech Fabrication Services LLC (6482); Ventech Engineers International LLC (5030); Ventech Energy LLC (1829); Ventech Engineers North America LLC (7325); Ventech Engineers USA LLC (7499); Ventech Vessel Fabricators LLC (6525); Ventech Global Projects, Inc. (9146); Ventech International Projects LLC (2187); Ventech Global Construction, LLC (0736); Ventech Modular Fabricators LLC (2960); Ventech Refining Solutions LLC (6454); Ventech Plant Constructors LLC (5107); Ventech Engineers & Fabricators, LLC (2106); Ventech Industrial Contractors, LLC (6482); Ventech XTL LLC (2500); and Ventech XTL Oklahoma City LLC (5549).

## JURISDICTION AND VENUE

1. Ventech Engineers LP filed its voluntary petition for relief on May 26, 2017. *In re Ventech Engineers LP*, Case No. 17-33203 (Bankr. S.D. Tex., [Houston Div.] [ECF 1].

2. This is an adversary proceeding brought under Bankruptcy Rule 7001 relating to the Chapter 7 case, *In re Ventech Engineers LP*, Case No. 17-33203 (Bankr. S.D. Tex., [Houston Div.]).

3. This Court has subject matter jurisdiction because this action relates to Ventech's bankruptcy cases. 28 U.S.C. § 1334(b).

4. This proceeding is "core." 28 U.S.C. § 157(b)(2)(A), (E), (H), or (O).

5. This Court may enter final judgment or propose findings of fact and conclusions of law in this action. 28 U.S.C. § 157(b)(1); *Stern v. Marshall*, 131 S. Ct. 2594, 2620 (2011).

6. Venue is proper under 28 U.S.C. § 1409(a).

7. This Court may grant the requested relief under §§ 544, 547, 548, and 550 of the Bankruptcy Code. 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code").

## PARTIES

8. Plaintiff is Rodney D. Tow, the duly authorized and acting Chapter 7 trustee of the estate of Ventech Engineers LP.

9. Debtor Ventech is a Delaware limited partnership. According to Ventech's Statement of Financial Affairs (Doc. 4, Case No. 17-33203), Ventech GP, LLC was its General Partner.

10. Defendant Ventech Holdings 3, LLC ("V3") is a Delaware limited liability company. V3 may be served through its registered agent, Corporation Services Company, 251 Little Falls Dr., Wilmington, DE 19808.

## STATEMENT OF FACTS

11. Ventech's partners included Stanley Investment Partners, Inc. ("SIPI") and Defendant V3.

12. Ventech was a partnership for federal income tax purposes and subject to the unified partnership provisions of Internal Revenue Code §§ 6221-234 during the taxable year ending December 31, 2012.

13. After the Commissioner of the Internal Revenue Service ("IRS") audited Ventech's 2012 tax returns, the Commissioner discovered a failure to correctly classify dividend income and failure to correctly compute claimed research-and-development tax credits.

14. To settle the tax liabilities that the Commissioner discovered, on October 19, 2016, Ventech agreed to pay $2,106,372 in addition to $234,474.61 in interest as part of a settlement with the IRS to extinguish the tax liabilities owed, in part, by Defendant V3 (the "Tax Obligation").

> **Whereas,** the Parties have agreed to the Partnership paying the Partnership Partners' tax liabilities resulting from the TEFRA adjustments and the interest related thereto in the amounts of $2,106,372.00 and $234,474.61 respectively ("settlement tax and interest").

Ex. 1.

15. On October 19, 2016, Ventech wrote the following check to the IRS out of its operating account:



16. V3 owned a 70% interest in Ventech.

17. V3 portion of the tax liability that the Transfer extinguished was $1,638,592.63 (the "Tax Transfer").

18. Accordingly, V3 was a beneficiary of the Transfer.

3

19. A little over 7 months later, on May 26, 2017, Ventech filed its voluntary petition for relief under chapter 7 of the Bankruptcy Code.

## COUNT I: AVOIDANCE OF TAX OBLIGATION
## 11 U.S.C. § 548(a)(1)(B)

20. The Trustee re-alleges and fully incorporates the allegations in the preceding paragraphs as if fully set forth herein.

21. Section 548(a)(1)(B) provides, in relevant part:

> The trustee may avoid . . . any obligation . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily received less than reasonably equivalent value in exchange for such . . . obligation and was insolvent on the date that . . . such obligation was incurred, or became insolvent as a result of such . . . obligation; was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; [or] intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

11 U.S.C. § 548(a)(1)(B) (internal lettering and numbering omitted).

22. The Trustee may avoid the Tax Obligation because Ventech incurred the Tax Obligation within 2 years before the date of the filing of its petition, it received less than reasonably equivalent value in exchange for the Tax Obligation, and was insolvent, or became insolvent as a result of the Tax Obligation; was engaged or was about to engage in business in which the property remaining after the transaction was an unreasonably small capital; and/or intended to incur or believed it would incur debts that it would be unable to repay.

23. More specifically, Ventech incurred the Tax Obligation on or around October 19, 2016. Ventech filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 26, 2017. Accordingly, Ventech incurred the Tax Obligation within 2 years before the date of the filing of its petition.

24. Moreover, Ventech received less than reasonably equivalent value in exchange for the Tax Obligation. Ventech received no benefit from agreeing to pay V3's tax liabilities. Rather, Ventech's incurring V3's tax obligation under a settlement agreement with the IRS was done for the benefit of V3, and Ventech had no prior legal obligation to incur the Tax Obligation for V3's benefit.

25. When Ventech incurred the Tax Obligation, Ventech was insolvent, or became insolvent as a result thereof; was engaged or was about to engage in business in which its property after the transaction was an unreasonably small capital; and/or intended to incur or believed it would incur debts that it would be unable to repay.

26. Accordingly, under section 548(a)(1)(B) of the Bankruptcy Code, the Trustee is entitled to a judgment that avoids the Tax Obligation.

## COUNT II: AVOIDANCE OF TAX TRANSFER
## U.S.C. § 548(a)(1)(B)[2]

27. The Trustee re-alleges and fully incorporates the allegations in the preceding paragraphs as if fully set forth herein.

28. Section 548(a)(1)(B) provides, in relevant part:

> The trustee may avoid any transfer . . . of an interest of the debtor in property . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily received less than reasonably equivalent value in exchange for such transfer . . . and was insolvent on the date that such transfer was made . . . , or became insolvent as a result of such transfer . . . ; was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; [or] intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

11 U.S.C. § 548(a)(1)(B) (internal lettering and numbering omitted).

---

[2] In the alternative to the transfers set forth in Count I and Count II, these two transfers can be collapsed and treated as a single transfer. S*ee Buchwald Capital Advisors LLC v. JP Morgan Chase Bank, N.A., et al. (In re M. Fabrikant & Sons, Inc)*, 477 B.R. 170, 187-88 (S.D.N.Y. 2011) (collecting cases).

5

29. The Trustee may avoid the Tax Transfer because Ventech made the Tax Transfer within 2 years before the date of the filing of its petition, it received less than reasonably equivalent value in exchange for the Tax Transfer and was insolvent, or became insolvent as a result of the Tax Transfer; was engaged or was about to engage in business in which the property remaining after the transaction was an unreasonably small capital; and/or intended to incur or believed it would incur debts that it would be unable to repay.

30. More specifically, Ventech made the Tax Transfer on or around October 19, 2016. Ventech filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 26, 2017. Accordingly, Ventech made the Tax Transfer within 2 years before the date of the filing of its petition.

31. Moreover, if the Tax Obligation is avoided, Ventech received less than reasonably equivalent value in exchange for the Tax Transfer. Ventech had not obligation to incur V3's Tax Obligation and pay the Tax Transfer.

32. Finally, when Ventech made the Tax Transfer, Ventech was insolvent, or became insolvent as a result thereof; was engaged or was about to engage in business in which its property after the transaction was an unreasonably small capital; and/or intended to incur or believed it would incur debts that it would be unable to repay.

33. Accordingly, under section 548(a)(1)(B) of the Bankruptcy Code, the Trustee is entitled to a judgment that avoids the Tax Transfer.

## COUNT III: AVOIDANCE OF TAX OBLIGATION UNDER TUFTA
## 11 U.S.C. § 544(b) and Tex. Bus. & Com. Code § 24.001, et seq.

34. The Trustee re-alleges and fully incorporates the allegations in the preceding paragraphs as if fully set forth herein.

35.     The Trustee brings this claim on behalf of Ventech's estate and its creditors under the Texas Uniform Fraudulent Transfer Act pursuant to the powers vested in the Trustee under section 544 of the Bankruptcy Code. Section 544(b) of the Bankruptcy Code provides, in relevant part, that

> [T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. § 544(b)(1) (internal lettering and numbering omitted).

36.     Under the Texas Uniform Fraudulent Transfer Act, a creditor exists for whom the Trustee can act. *See* TEX. BUS. & COM. CODE § 24.001, *et seq.* (hereinafter "TUFTA").

37.     Section 24.005 of TUFTA provides, in relevant part, that an

> obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after . . . the obligation was incurred, if the debtor . . . incurred the obligation: without receiving a reasonably equivalent value in exchange for the . . . obligation, and the debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

TEX. BUS. & COM. CODE § 24.005 (internal lettering and numbering omitted).

38.     Section 24.006 of TUFTA provides, in relevant part, that an

> obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before . . . the obligation was incurred if the debtor . . . incurred the obligation without receiving a reasonably equivalent value in exchange for the . . . obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the . . . obligation.

TEX. BUS. & COM. CODE § 24.006 (internal lettering and numbering omitted).

39.     Section 24.008 of TUFTA provides, in relevant part:

> In an action **for relief against a transfer or obligation under this chapter**, a creditor . . . may obtain: avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim.

7

TEX. BUS. & COM. CODE § 24.008(a)(1) (emphasis added, internal numbering and lettering omitted).

40. Accordingly, the Trustee may avoid the Tax Obligation under TUFTA because Ventech incurred the Tax Obligation without receiving a reasonably equivalent value in exchange for the Tax Obligation and Ventech: was engaged or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due; and/or Ventech was insolvent at the time it incurred the Tax Obligation or became insolvent as a result of the Tax Obligation.

41. More specifically, Ventech received less than reasonably equivalent value in exchange for the Tax Obligation. Ventech received no benefit from agreeing to pay V3's tax liabilities. Rather, Ventech's incurring V3's tax obligation under a settlement agreement with the IRS was done for the benefit of V3, and Ventech had no prior legal obligation to incur the Tax Obligation for V3's benefit.

42. Finally, when Ventech incurred the Tax Obligation, Ventech was insolvent, or became insolvent as a result thereof; was engaged or was about to engage in business in which its property after the transaction was an unreasonably small capital; and/or intended to incur or believed it would incur debts that it would be unable to repay.

43. Accordingly, under section 544(b)(1)(B), the Trustee is entitled to a judgment that avoids the Tax Obligation.

### COUNT IV: AVOIDANCE & RECOVERY OF TAX TRANSFER UNDER TUFTA
### 11 U.S.C. § 544(b) and Tex. Bus. & Com. Code § 24.001, et seq.

44. The Trustee re-alleges and fully incorporates the allegations in the preceding paragraphs as if fully set forth herein.

8

45. The Trustee brings this claim on behalf of Ventech's estate and its creditors under the Texas Uniform Fraudulent Transfer Act pursuant to the powers vested in the Trustee under section 544 of the Bankruptcy Code. Section 544(b) of the Bankruptcy Code provides, in relevant part, that

> [T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. § 544(b)(1) (internal lettering and numbering omitted).

46. Under the Texas Uniform Fraudulent Transfer Act, a creditor exists for whom the Trustee can act. *See* TEX. BUS. & COM. CODE § 24.001, *et seq.* (hereinafter "TUFTA").

47. Section 24.005 of TUFTA provides, in relevant part, that a

> transfer made . . . by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made . . . , if the debtor made the transfer . . . : without receiving a reasonably equivalent value in exchange for the transfer . . . , and the debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

TEX. BUS. & COM. CODE § 24.005.

48. Section 24.006 of TUFTA provides, in relevant part, that a

> transfer made . . . by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made . . . if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer . . . .

TEX. BUS. & COM. CODE § 24.006 (internal lettering and numbering omitted).

49. Section 24.008(a)(1) of TUFTA provides, in relevant part:

> In an action **for relief against a transfer or obligation under this chapter**, a creditor . . . may obtain: avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim.

9

TEX. BUS. & COM. CODE § 24.008(a)(1) (emphasis added, internal numbering and lettering omitted).

50. Section 24.009(b)(1) of TUFTA provides, in relevant part:

> to the extent that a transfer is **voidable** in an action by a creditor under Section 24.008(a)(1) of this code, the creditor may recover judgment for the value of the asset transferred . . . against: . . . the person for whose benefit the transfer was made[.]

TEX. BUS. & COM. CODE § 24.009(b)(1) (emphasis added, internal numbering and lettering omitted).

51. If the Tax Obligation is avoided, the Trustee may avoid the Tax Transfer under TUFTA because Ventech made the Tax Transfer without receiving a reasonably equivalent value in exchange for the Tax Transfer and Ventech: was engaged or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due; and/or Ventech was insolvent at the time it made the Tax Transfer.  *See* TEX. BUS. & COM. CODE §§ 24.005-06.

52. Accordingly, the Trustee is entitled to a judgment that avoids the Tax Transfer and that permits the Trustee to recover the value of the Tax Transfer from V3.  TEX. BUS. & COM. CODE §§ 24.008(a)(1), 24.009(b)(1).

## COUNT V: AVOIDANCE OF TAX TRANSFER AS PREFERENCE
## 11 U.S.C. § 547

53. The Trustee re-alleges and fully incorporates the allegations in the preceding paragraphs as if set forth herein.

54. Under section 547(b) of the Bankruptcy Code, the Trustee may avoid any transfer of an interest of the debtor in property made for the benefit of a creditor within one year before the date of the filing of a petition, if such creditor was an insider when the transfer was made and the transfer enables such creditor to receive more than the creditor would have otherwise received under chapter

10

7 of the Bankruptcy Code, the transfer had not been made, and such creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code..

55. As one of Ventech's partners, V3 is a creditor as defined under section 101(10)(A) of the Bankruptcy Code because as of the the petition date V3 had an unliquidated, contingent and/or unmatured right to payment from Ventech.

56. As Ventech's 70% shareholder when Ventech made the Tax Transfer, V3 is a statutory insider who had control of Ventech under section 101(31)(C) of the Bankruptcy Code.

57. The Tax Transfer occurred within one year prior to Ventech's petition date.

58. The Tax Transfer was made for the benefit of V3.

59. The Tax Transfer allowed V3 to receive more than it otherwise would have received if the case were a case under chapter 7 of the Bankruptcy Code, if the transfer not been made, and if V3 received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

60. Accordingly, the Trustee is entitled to a judgment that the Tax Transfer is avoided under section 547 of the Bankruptcy Code.

### COUNT VI: RECOVERY OF THE TAX TRANSFER AGAINST V3
### 11 U.S.C. §§ 544, 547, 548, 550(a)(1), & Tex. Bus. & Com. Code § 24.009; 547; 548.

61. The Trustee re-alleges and fully incorporates the allegations in the preceding paragraphs as if fully set forth herein.

62. Section 550 of the Bankruptcy Code provides, in relevant part,

> [T]o the extent that a transfer is avoided under section 544, . . . 547, [or] 548 . . . of this title, the trustee may recover, for the benefit of the estate . . . , if the court so orders, the value of such property from . . . the entity for whose benefit such transfer was made.

11 U.S.C. § 550(a)(1) (internal lettering and numbering omitted).

63. For the reasons stated above, the Trustee is entitled to judgment avoiding the Tax Obligation and the Tax Transfer. *See* Counts I to V, *supra*. As outlined above, the Tax Obligation and

11

Tax Transfer were made for V3's benefit. Accordingly, the Trustee is entitled to a judgment against V3 to recover the value of the Tax Transfer from V3 under section 550 of the Bankruptcy Code.

## COUNT VII: ATTORNEYS' FEES AGAINST ALL DEFENDANTS

64. The Trustee requests that the Court award him all of his reasonable attorneys' fees, expenses, and costs of court incurred in connection with this adversary proceeding against V3 as authorized under § 24.013 of the Texas Uniform Fraudulent Transfer Act.

## PRAYER

WHEREFORE, the Trustee respectfully requests that the Court enter judgment for, or make findings of fact and conclusions of law in support of, the following relief:

a. Enter an order of judgment avoiding the Tax Obligation and Tax Transfer under 11 U.S.C. § 548(a)(1)(B).

b. Enter an order of judgment avoiding the Tax Obligation and Tax Transfer under 11 U.S.C. § 544(b) and Tex. Bus. & Com. Code § 24.001, *et seq.*

c. Enter an order of judgment for recovery of the value of the Tax Transfer under 11 U.S.C. §§ 544(B), 550(a)(1), and Tex. Bus. & Com. Code § 24.009 against V3.

d. Attorneys' fees and costs; and

e. All other relief to which the Trustee is entitled and is just and proper, including attorneys' fee and costs of prosecution of this Complaint.

Dated: _____, 2020

Respectfully submitted,

DIAMOND MCCARTHY LLP

*/s/ DRAFT*
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Brian Raymond Hogue
TBA No. 24094725
bhogue@diamondmccarthy.com
Two Houston Center
909 Fannin, 37th Floor
Houston, Texas 77010
(713) 333-5100 Telephone
(713) 333-5199 Facsimile

*Counsel to Chapter 7 Trustee Rodney D. Tow*