IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re:<br><br>VENTECH ENGINEERS LP, et. al.,<br><br>Debtor.<br><br>---<br><br>RODNEY D. TOW, CHAPTER 7 TRUSTEE FOR THE ESTATE OF VENTECH ENGINEERS LP<br><br>Plaintiff<br><br>v.<br><br>VENTECH HOLDINGS 3 LLC,<br><br>Defendant | Chapter 7<br><br>Case No. 17-33203<br><br>Adversary Proc. 19-03637<br><br>**Re: Docket No. 29** |

**DEFENDANT'S OPPOSITION TO THE TRUSTEE'S MOTION TO AMEND RULE 12(C) ORDER AND FOR LEAVE TO FILE AMENDED COMPLAINT**
[Relates to Dkt. No. 29]

Defendant Ventech Holdings 3 LLC ("Defendant" or "V3"), by and through its undersigned counsel, respectfully submits this Opposition to the Motion to Amend Rule 12(c) Order and for Leave to File Amended Complaint, filed by Rodney D. Tow in his capacity as the Chapter 7 trustee for the estate of Ventech Engineers, LP ("Ventech") on April 28, 2020 (Dkt. 29).

**I.    PRELIMINARY STATEMENT**

On April 14, 2020, after extensive briefing, the Court granted V3's Motion for Judgment on the Pleadings because the Complaint does not—and cannot—allege that Trustee has avoided the initial transfer of the Tax Payment to the IRS. The effect of the Court's order was clear: V3 asked the Court to dismiss the action with prejudice, and the Court granted the relief requested.

10575767

Now—rather than seeking reconsideration or appealing the Court's Order—the Trustee asks the Court to "amend" or "clarify" its Order, and seeks permission to file an amended complaint containing extensive changes, including brand new claims and allegations. This procedural run-around must be rejected.

First, the Court's Order is clear. It granted the relief requested by V3, including dismissal of the action with prejudice, and even if instead the Order were silent, under Fed. R. Civ. P. 41(b), it would operate as a dismissal with prejudice. Accordingly, the Order does not need to be amended or clarified.

Second, even if the Trustee had filed a motion for reconsideration—which he cannot do because the deadline for reconsideration has passed—the arguments raised in the Motion would not come close to satisfying the stringent standard imposed by Rule 59(e). The Motion does not point to a manifest error of law or any new evidence that would warrant reconsideration here.

Third, even if not barred by the Order, the request to amend the Complaint would be futile in any event. The proposed amendments are extensive; they include entirely new claims and allegations that bear no relationship to the issues raised in V3's Motion. Critically, they fail to establish that the transfer of the Tax Payment (or the newly-alleged "Tax Obligation") to the IRS has been—or ever can be—avoided. As a result, they do nothing to cure the central flaw that led to dismissal. And they are barred by the statute of limitations, which expired on May 26, 2019.

Finally, the Order's grant of fees should not be amended. The Trustee's conduct easily satisfies the requirement, imposed by Tex. Bus. & Com. Code § 24.013, that an award of fees and costs be "equitable and just." The Trustee filed this lawsuit even though he knew V3 had already paid Ventech the amount of the Tax Transfer; then tactically sued the IRS even though he knew

2

the claim was time barred; and has now filed a misleading and grossly inadequate motion attempting to avoid the stringent requirements of Rule 59(e).

For these reasons, and those outlined below, the Trustee's Motion should be denied with prejudice.

## II.    PROCEDURAL BACKGROUND

On April 23, 2019, the Trustee sent V3 a proposed draft complaint asserting three causes of action against V3: (i) "Avoidance of Tax Transfer" under 11 U.S.C. § 548(a)(1)(B), (ii) "Avoidance of Tax Transfer" under 11 U.S.C. § 544(b) and Tex. Bus. & Com. Code § 24.001, *et seq*., and (iii) "Recovery of Tax Transfer" under 11 U.S.C. §544(b), 550(a)(l), and Tex. Bus. & Com. Code§ 24.009 (the "Draft Complaint').[1]  On May 23, 2019, V3 and the Trustee entered into a tolling agreement covering only those claims asserted in the Draft Complaint.  The tolling agreement was extended four times, and the final version of the agreement was executed by the parties on September 20, 2019.[2]  Like the preceding versions, the Fifth Amended Tolling Agreement applied to the claims asserted in the Draft Complaint only. *See* Friedman Declaration Ex. B, ¶ 1 ("Any and all applicable periods of limitation and time-based defenses relevant to the Claims (as defined above) shall be tolled for the period of one (1) month, from the Effective Date."); 1 (defining the "Claims" as the claims asserted in the Draft Complaint of April 24, 2019).

On October 22, 2019 the Trustee filed his Complaint in this action (Dkt. 1).  The Complaint named as Defendants the Internal Revenue Service (the "IRS"), Charles P. Rettig, in his official capacity as Commissioner of the IRS (together with the IRS, the "IRS Defendants"), and V3.  The Complaint asserted claims for Avoidance of the Tax Payment under 11 U.S.C. § 548(A)(1)(b)

---

[1] A copy of the Draft Complaint is attached as Exhibit A to the Declaration of Leah Friedman, dated May 19, 2020 (the "Friedman Declaration).

[2] A copy of the Fifth Amended Tolling Agreement is attached as Exhibit B to the Friedman Declaration.

(against V3), Avoidance of the Tax Payment under 11 U.S.C. § 544(b) and Tex. Bus. & Com. Code § 24.001, *et seq*. (against all Defendants), Recovery of the Tax Payment under 11 U.S.C. §§ 544(B), 550(a)(1), and Tex. Bus. & Com. Code § 24.009 (against all Defendants), and Attorney's Fees (against all Defendants). Shortly after the IRS Defendants moved to dismiss the case, the Trustee stipulated to the dismissal with prejudice of all claims against the IRS Defendants. On December 16, 2019, the Court entered an order dismissing with prejudice all claims against the IRS Defendants.

On February 21, 2020, V3 moved for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) seeking dismissal of the Complaint with prejudice (the "Rule 12(c) Motion") (Dkt. 23). *See id*. at 4. In its Motion, V3 argued that the Trustee could not recover the Tax Payment from V3, an alleged beneficiary of the transfer, because he had not—and could not—avoid the initial transfer to the IRS. *See* Rule 12(c) Motion at 3; Repl. Supp. Rule 12(c) Mot. at 4–8 (Dkt. 25). On March 13, 2020, the Trustee filed an Opposition to the Motion (Dkt. 24), and on April 3, filed an additional sur-reply (Dkt. 26).

On April 14, 2020, the Court issued an order granting V3's Rule 12(c) Motion (the "Order") (Dkt. 27). The Trustee did not move for reconsideration or clarification of the Order, and has not moved to appeal the Order. Instead, on April 28, the Trustee (1) moved to "amend" the Order and (2) requested leave to file an amended complaint (the "Motion").[3] Regarding amendment of the Order, the Trustee asked the Court to "amend[] the Original Order by clarifying that the 12(c) Motion is granted without prejudice to filing of an amended complaint and clarifying that the 12(c) Order did not award V3 attorneys' fees and costs." Mot. ¶ 11.

---

[3] In support of his Motion, the Trustee did not provide the Court with a document comparison highlighting his proposed amendments. For the Court's convenience, a document comparison highlighting the proposed amendments is attached as Exhibit C to the Friedman Declaration.

4

Regarding the request to amend the Complaint, the Trustee filed a draft amended complaint proposing extensive amendments, including:

- New claims for fraudulent conveyance and recovery, and a new preference claim. *See* Count I (Avoidance of the Tax Obligation under 11 U.S.C. § 548(a)(1)(B)), Count IV (Avoidance and Recovery of the Tax Transfer Under TUFTA), Count V (Avoidance of the Tax Transfer as a Preference Under 11 U.S.C. § 547).

- New jurisdictional allegations. *See* Dkt. 29-1 at ¶¶ 1, 7.

- A new legal argument. *See id.* at 5 n.2 ("In the alternative to the transfers set forth in Count I and Count II, these two transfers can be collapsed and treated as a single transfer. *See Buchwald Capital Advisors LLC v. JP Morgan Chase Bank, N.A., et al. (In re M. Fabrikant & Sons, Inc)*, 477 B.R. 170, 187–88 (S.D.N.Y. 2011) (collecting cases).").

- New allegations regarding V3's relative share of the Tax Payment, and Ventech's settlement with the IRS. *See id.* at ¶ 14.

- The deletion of allegations relating to the now-dismissed defendants, the Internal Revenue Service and Charles P. Rettig. *See, e.g., Compl.* ¶¶ 10, 11.

*See* Friedman Declaration, Ex. C.

According to the Trustee, the proposed amendments are designed to "change[] statements in the Complaint to better track the standards and language used in the authorities cited by the Trustee in his briefing against the Rule 12(c) Motion." Mot. at ¶ 21. That is the only explanation offered for the relevance of the proposed amendments.

### III. ARGUMENT

#### A. The Motion is Procedurally Improper

Rather than appealing the Court's Order, or formally moving for clarification or reconsideration, the Trustee has taken the highly unusual course of moving to "amend" the Order,

and seeking to file an amended complaint. The Trustee offers no legal basis for this procedural runaround—and there is none.

The Motion should be denied because the Court's order, as a matter of law, dismissed the action *with prejudice*. By way of relief, the Rule 12(c) Motion requested an order "[d]ismissing the Complaint with prejudice"[4]—and the Order stated that "the relief requested in the Motion should be granted." Dkt 23 at 2–4; Order at 1. And even putting aside the Order's express language, Fed. R. Civ. P. 41(b), made applicable to these proceedings by Fed. R. Bkr. P. 7041, makes it clear that, "[u]nless the dismissal order states otherwise . . . any dismissal not under this rule . . . operates as an adjudication on the merits." The Court's Order did not "state otherwise"— it did not state that the dismissal was "without prejudice." The Order was therefore an adjudication on the merits, and it dismissed the action *with prejudice*. *Lang v. DirecTV, Inc.*, No. 10-1085, 2012 U.S. Dist. LEXIS 29130, *8 (E.D. La. Mar. 6, 2012) ("A dismissal under Rule 41(b) is with prejudice and 'operates as an adjudication on the merits' unless the dismissal order states otherwise.") (citing *Weissinger v. United States*, 423 F.2d 795, 798–99 (5th Cir. 1970)); *see also Butler v. Boeing Co.*, No. 13-1043, 2014 U.S. Dist. LEXIS 103041, *3 (D. Kan. Jul. 29, 2014) ("Unless the dismissal order states otherwise, a dismissal under [Rule 41(b)] . . . is, by rule, generally with prejudice."); *Wheeler v. Herbst*, No. 2:10-cv-00866, 2011 U.S. Dist. LEXIS 53032, *4–5 (D. Nev. May 16, 2011) (holding that, because the court's order "did not indicate that the

---

[4] In addition, the Rule 12(c) Motion requested an order "(b) Denying all claims for relief asserted by Plaintiff against Defendant; (c) Awarding Defendant reasonable attorneys' and professionals' fees and cost; and (d) Awarding such other relief as the Court deems just and proper." *Id.* at 3.

6

complaint was dismissed without prejudice with leave to amend," the dismissal was with prejudice given the language of Rule 41(b)).

Moreover, the arguments that the Motion raises do not come close to satisfying the stringent standard of review imposed by Rule 59(e). The Trustee makes no attempt to establish a "manifest error of law," and does not point to any newly discovered evidence, as Fed. R. Civ. P. 59(e) requires. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003). Indeed, the Motion barely takes issue with the substance of the Order. The Trustee acknowledges the stringent standard imposed by Rule 59(e), *see* Mot. at 4 (citing cases), but offers nothing to meet it. Instead, his arguments seem to go only to why a dismissal should be without prejudice—arguments he should have but did not make in opposition to V3's Rule 12(c) Motion. *See, e.g.*, Mot. at ¶ 15 ("dismissal with prejudice at this stage of the litigation is a severe remedy"); ¶ 16 ("courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal"). None of this conjecture meets the standard for reconsideration imposed by Rule 59(e). *See Rosenzweig,* 332 F.3d at 863–64 (A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"); *Alvarado v. Texas Rangers*, No. EP-03-CA-0305-FM, 2005 WL 1420846, at * 3 (W.D. Tex. Jun. 14, 2005) ("What is clear from case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.")

    **B.**    **The Proposed Amendments Are Improper and Futile**

Because the dismissal was with prejudice, the request to amend the Complaint must be denied. *Ward v. Harrison County Jail*, No. 2:09-cv-305, 2011 U.S. Dist. LEXIS 112348, *2 (E.D.

Tex. September 29, 2011) ("A dismissal with prejudice means that the federal claims upon which a Court's jurisdiction is based are extinguished"); *Rucker v. Indianola Health & Rehab. Ctr.*, Mo. 4:05-cv-78, 2006 U.S. Dist. LEXIS 86195, *4 (E.D. Ms. Nov. 9, 2006) ("[W]ith prejudice means that any future lawsuits based on the plaintiff's claims in this suit are barred by the doctrine of *res judicata*.").

But even if it were procedurally proper to move to amend the complaint, that request would be futile. The Trustee has not provided the Court with a document comparison highlighting his proposed amendments, or specifically identified them in his Motion—and it is easy to see why. The proposed amendments are extensive and substantive, and they bear no relationship to the issues raised in V3's Motion. They do nothing to cure the central flaw that led to dismissal.

### 1. THE MOTION VIOLATES RULE 7

The only justification offered for the proposed amendments—which include the addition of brand new claims and jurisdictional allegations—is that they "change[] statements in the Complaint to better track the standards and language used in the authorities cited by the Trustee in his briefing against the Rule 12(c) Motion." Mot. at ¶ 21. Given the extent of the proposed amendments, this claim is simply misleading. Nothing is offered to explain the relationship between the proposed amendments and the case law governing V3's Motion. The grounds for amendment are not explained at all—and certainly not with the particularity required by Fed. R. Civ. P. 7(b). *See* Fed. R. Civ. P. 7(b). (a motion must "state with particularity the grounds for seeking the order"); *cf.* Fed. R. Bkr. P. 7007; *Ismaiyl v. Brown*, 2018 U.S. App. LEXIS 7358, *6 (6th Cir. 2018) (Per Fed. R. Civ. P. 7(b)(1)(B), "[a] motion for leave to file an amended complaint must state with particularity the grounds for seeking the order.'") (internal quotation and citations omitted).

## 2. THE AMENDMENTS WOULD BE FUTILE

In any event, the proposed amendments would be futile. To determine whether an amendment would be futile, courts apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)" and Rule 12(c). *Hill v. Oria (In re Juliet Homes, LP)*, No. 09-03429, 2010 Bankr. LEXIS 4826, *16 (S.D. Tex, Dec. 16, 2010); *IP Invs., LLC v. Velsicol Chem., LLC*, 2014 U.S. Dist. LEXIS 32532, *9 (S.D. Tex, Mar. 13, 2014) ("[T]he standards for Rule 12(c) and Rule 12(b)(6) are the same."). In this case, the proposed amendments would be futile for two reasons: they do not address the existing flaw that led to the dismissal of the Complaint, and they also are barred by the statute of limitations.

### a. The Amendments Do Not Fix the Flaw in the Complaint

The proposed amendments do not fix the flaw that led to dismissal of the Complaint because they do not demonstrate that the Trustee has (or can ever) avoid the transfer(s) to the IRS. This was the dispositive issue raised in V3's Motion, and the amendments do absolutely nothing to address it. The original complaint failed because it did not—and could not—allege that the transfer to the IRS had been avoided. And none of the proposed amendments remedies this core deficiency. The amended complaint does not allege that the Tax Payment to the IRS, the initial transferee, has been avoided, or that it ever can be avoided. The same problem infects the newly-alleged transfer of a "Tax Obligation" to the IRS (Count I); that Tax Obligation has not been, and can never be, avoided. As a result, the Trustee would not be able to meet the burden for leave to amend. His request for leave to amend must be denied. *Whitley v. Hanna*, 726 F.3d 631, 649 (5th Cir. 2013) (leave to amend properly denied on futility grounds; as revised, complaint failed to state a claim).

### b. **The Proposed Amendments Are Barred by the Statute of Limitations**

The proposed amendments—which include brand new claims not asserted in the Draft Complaint—are also barred by the statute of limitations, which expired on May 26, 2019.

The only reason the claims asserted in the Complaint were not time barred is that those claims were subject to a tolling agreement first executed by the parties on May 23, 2019, and extended repeatedly thereafter. *See* Friedman Declaration, Ex. B. The parties' agreement tolled all applicable statutory periods relating to the claims asserted in the Draft Complaint. *See* Friedman Declaration, Ex. B, ¶ 1 ("Any and all applicable periods of limitation and time-based defenses relevant to the Claims (as defined above) shall be tolled for the period of one (1) month, from the Effective Date."); 1 (defining the "Claims" as the claims asserted in the Draft Complaint of April 24, 2019). The only claims asserted against V3 in the Draft Complaint were claims for "Avoidance of Tax Transfer" under 11 U.S.C. § 548(a)(1)(B), 11 U.S.C. § 544(b) and Tex. Bus. & Com. Code § 24.001, *et seq.*; and "Recovery of Tax Transfer" under 11 U.S.C. §544(b), 550(a)(l), and Tex. Bus. & Com. Code§ 24.009.

The proposed amendment, however, includes new claims for fraudulent conveyance and recovery, and a new preference claim, that were not asserted in the Draft Complaint. *See* Friedman Declaration, Ex. A (Count I ("Avoidance of Tax Obligation" under 11 U.S.C. § 548(a)(1)(B)), Count IV ("Avoidance & Recovery of Tax Transfer Under TUFTA"), and Count V ("Avoidance of Tax Transfer as a Preference" under 11 U.S.C. § 547). These new claims are not covered by the parties' tolling agreement, and the time to bring them expired on May 26, 2019. The proposed new amendments are therefore time barred.

### C. The Order Granted V3 Reasonable Attorney's Fees and Costs

The Trustee also asks the Court to "clarify" that the Order did not grant V3 its reasonable attorney's fees and costs. But the Order is clear on this point as well. In addition to other relief, V3's Motion requested "reasonable attorneys' fees, professionals' fees, expenses and costs." Rule 12(c) Mot. at 4. And the Court's Order stated that "the relief requested in the Motion should be granted."

As the prevailing party, V3 should be granted its costs and reasonable attorney's fees, in whole or in part, because doing so would be equitable and just. Tex. Bus. & Com. Code § 24.013 ("In any proceeding under this chapter, the court may award costs and reasonable attorney's fees as are equitable and just."). The grant of reasonable fees is especially warranted here because the Trustee has engaged in harassing conduct in both filing and maintaining the action. *See, e.g., Janvey v. Dillon Gage, Inc.*, 856 F.3d 377, 393 (5th Cir. 2017); *Quilling v. 3D Mktg., LLC*, No. 3:06-CV-0293, 2007 U.S. Dist. LEXIS 24914, at *11 (N.D. Tex. 2007) (party who prevailed on TUFTA claim entitled to recover "costs and reasonable attorney's fees as are equitable and just"); *Tow v. Pajooh (In re CRCGP LLC)*, No. 07-3117, 2008 Bankr. LEXIS 4236, *61–62 (awarding Trustee Rodney D. Tow costs under Tex. Bus. & Com. Code § 24.013).

The claims in this case are not just meritless; they are abusive. Evidence shows that V3 paid the entire amount of the Tax Payment to Ventech shortly before the IRS was paid, specifically to enable that payment. The Trustee has been apprised of this evidence repeatedly, but still proceeded to bring this lawsuit, demanding a double recovery. Exacerbating this, for purely strategic reasons, the Trustee sued the IRS knowing full well that the action was time-barred. The Trustee then immediately agreed to dismiss the IRS with prejudice from the case. Now that his Complaint has been dismissed, he has brought a procedurally improper motion to amend, without even attempting to satisfy the stringent standard set by Rule 59(e), and without revealing the extent

11

of his proposed amendments to the Court, none of which have anything to do with the reasons for the Order being granted. This harassing conduct has wasted the Court's time and forced V3 to expend significant resources. An award of attorney's fees is fully warranted in these circumstances.

Dated: May 19, 2020

PORTER HEDGES LLP

*/s/ John F. Higgins*
John F. Higgins
(Texas Bar No. 09597500)
1000 Main St., 36th Floor
Houston, TX 77002
Tel: (713) 226-6648
Fax: (713) 226-6628
Email: jhiggins@porterhedges.com

LATHAM & WATKINS LLP
Christopher Harris (*pro hac vice*)
Leah Friedman (*pro hac vice*)
885 Third Avenue
New York, NY 10022
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: christopher.harris@lw.com
leah.friedman@lw.com

*Counsel for Defendant Ventech Holdings 3 LLC*