# FIFTH AMENDED TOLLING AGREEMENT

This **FIFTH AMENDED TOLLING AGREEMENT** ("Tolling Agreement"), dated as of September 20, 2019 (the "Effective Date"), is made by and between Rodney D. Tow, in his capacity as the court-appointed trustee (the "Trustee") for the chapter 7 bankruptcy estates of Ventech Engineers LP and its affiliates debtors (collectively, "Ventech") and V3 Holdings ("Creditor"). Trustee and Creditor are referred to herein individually as a "Party" and collectively as the "Parties".

## W I T N E S S E T H:

WHEREAS, on May 26, 2017, Ventech filed chapter 7 petitions in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). The bankruptcy cases are jointly administered under case number 17-33203 (the "Bankruptcy Case").

WHEREAS, the Trustee was appointed chapter 7 trustee for Ventech.

WHEREAS, on April 24, 2019, the Trustee sent Creditor a draft complaint purporting to assert certain causes of action against Creditor (the "Claims").

WHEREAS, on May 23, 2019, the Parties entered into the original tolling agreement (the "Original Tolling Agreement") to toll all applicable periods of limitation and time-based defenses relevant to the Claims for a period of one month.

WHEREAS, on June 24, 2019, the Parties entered into the First Amended Tolling Agreement to toll all applicable periods of limitation and time-barred defenses relevant to the Claims for another one-month period, to end July 24, 2019.

WHEREAS, on July 24, 2019, the Parties entered into the Second Amended Tolling Agreement to toll all applicable periods of limitation and time-barred defenses relevant to the Claims for another one-month period, to end August 23, 2019.

WHEREAS, on August 23, 2019, the Parties entered into the Third Amended Tolling

1

EXHIBIT B

Agreement to toll all applicable periods of limitation and time-barred defenses relevant to the Claims for an additional two-week period, to end September 6, 2019.

WHEREAS, on September 6, 2019, the Parties entered into the Fourth Amended Tolling Agreement to toll all applicable periods of limitation and time-barred defenses relevant to the Claims for another one-month period, to end September 20, 2019.

WHEREAS, the Parties agree that it is in their respective best interests to agree to the terms of this Tolling Agreement to extend the tolling period for an additional month and refrain from proceeding to litigation for an additional two weeks.

**NOW THEREFORE**, in exchange for the consideration set forth herein, the sufficiency of which the Parties acknowledges, the Parties agree as follows:

1. Any and all applicable periods of limitation and time-based defenses relevant to the Claims (as defined above) shall be tolled for the period of one (1) month, from the Effective Date until October 20, 2019, which period shall hereinafter be referred to as the "Tolling Period." The parties acknowledge that with the Tolling Period, the applicable period of limitations on the Claims runs on October 23, 2019.

2. The Trustee shall not commence any litigation asserting any of the Claims against Creditor until the earlier of (i) October 4, 2019, two (2) weeks from the Effective Date, and (ii) one (1) week after delivering written notice to Creditor.

3. Nothing contained herein shall serve as a waiver or tolling of, or otherwise affect, any statute of limitations which has accrued or expired, or any defense which has accrued or existed as of the Effective Date.

4. The Parties expressly stipulate, covenant, and agree that the running of any and all statutes of limitations, statutes of repose, laches periods, or other time deadlines (whether

2

statutory, equitable, contractual, or otherwise, including, without limitation, sections 108, 546, 547, and 550 of the Bankruptcy Code) relating to the Claims are hereby tolled through and including the Tolling Period, such that any of the Claims that are viable as of the Effective Date of this Tolling Agreement (with consideration of the Tolling Period under the Original Tolling Agreement) remain viable, by reason of such tolling, through the Tolling Period.

5. Creditor stipulates, covenants, and agrees that it will not assert as a defense to any of the Claims that any such Claims are barred, in whole or in part, by laches, waiver, estoppel, or by the expiration of any applicable limitations period or by any other time-related defense, except to the extent that such defense is based on time periods that exclude in their entirety the Tolling Period.

6. By entering into this Tolling Agreement, Creditor specifically reserves and does not waive: (a) the right to contest any Claim(s) brought within the Tolling Period on grounds other than untimeliness, (ii) any defenses (other than untimeliness) that may be raised in response to any such Claim(s), or (iii) the right to assert that any Claim(s) brought are not timely if they are brought following expiration of the Tolling Period.

7. By entering into this Tolling Agreement, the Trustee specifically reserves and does not waive any of his rights, claims, and remedies against Creditor including, without limitation rights, claims and remedies in connection with the Claim(s).

8. Each of the Parties mutually warrant and represent that, prior to the execution of this Tolling Agreement: (a) each of them has thoroughly read this Tolling Agreement and conducted an independent and thorough investigation of all pertinent facts; (b) each of them has thoroughly informed himself or itself of the terms, consents, conditions and effects of this Tolling Agreement; (c) each of them has obtained the advice and benefit of counsel of its own choosing;

(d) no representations of any kind have been made to it by or on behalf of any of the Parties other than as expressly set forth in this Tolling Agreement; and (e) each of them thereafter elected knowingly and voluntarily to execute and enter into this Tolling Agreement.

9. Each of the Parties stipulates, agrees and warrants that: (a) the terms, extent, and duration of this Tolling Agreement are reasonable; (b) they will not challenge or contest in any way the capacity or the authority of any Party hereto to make the agreements, covenants, waivers, stipulations, and warranties herein set forth; (c) the person or persons, including any attorney on behalf of a Party, executing this Tolling Agreement on behalf of each Party has the necessary and appropriate authority and capacity to execute this Tolling Agreement and to make this Tolling Agreement binding upon and enforceable against that Party; and (d) the consideration for this Tolling Agreement is mutual and adequate.

10. This Tolling Agreement shall be binding upon and inure to the benefit of the undersigned Parties and their respective current, former, and future partners, members, lawyers, predecessors, shareholders, officers, directors, employees, agents, trustees, managers, representatives, successors, and assigns.

11. This Tolling Agreement constitutes the complete expression of the agreement of the Parties concerning the subjects covered herein, and no modification of, or amendment to, this Tolling Agreement shall be valid unless it is in writing and signed by the Parties.

12. This Tolling Agreement may be executed in any number of counterparts and by the Parties in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same document and electronic signature shall have the same effect as an original signature.

13. This Agreement is governed in accordance with the laws of the State of Texas

without application of choice of law principles.  Any legal action or proceeding with respect this Tolling Agreement shall be brought in the Court while the Bankruptcy Case is pending, otherwise in the County of Harris in the State of Texas, and, by execution and delivery of this Tolling Agreement, each Party hereby irrevocably accepts the exclusive jurisdiction of such courts.

14. Each Party represents and warrants as to himself/itself that the Tolling Agreement has been duly authorized, and is a legal, valid and binding obligation of such Party.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the date first set forth above.

**Creditor**

_____
Name:
Title:

**Trustee**  _____
Charles Rubio as counsel for
Rodney Tow, solely in his capacity as the chapter 7 trustee for Ventech

without application of choice of law principles. Any legal action or proceeding with respect this Tolling Agreement shall be brought in the Court while the Bankruptcy Case is pending, otherwise in the County of Harris in the State of Texas, and, by execution and delivery of this Tolling Agreement, each Party hereby irrevocably accepts the exclusive jurisdiction of such courts.

14. Each Party represents and warrants as to himself/itself that the Tolling Agreement has been duly authorized, and is a legal, valid and binding obligation of such Party.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first set forth above.

**Creditor**

_____
Name: Leoh Friedman
Title: V3 Holdings LLC

**Trustee**

_____
Charles Rubio as counsel for
Rodney Tow, solely in his capacity as the chapter 7 trustee for Ventech

1